IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,<br><br>Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.* AND (2) VIOLATION OF NEW YORK WARN ACT, NYLL § 860 *et seq.***

Plaintiff Pilar Belendez-Desha ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees, by way of her Class Action Complaint against JAF Communications Inc. d/b/a The Messenger ("Defendant" or "The Messenger"), as follows:

**NATURE OF THE ACTION**

1. In May 2023, Defendant launched a digital news website, called "The Messenger."

2. On January 2, 2024, Defendant began reducing its workforce by abruptly terminating approximately 20 employees of The Messenger.

3. On the afternoon of January 31, 2024, the remaining employees learned from a New York Times news item that they were being terminated. Within minutes after the story broke, The Messenger confirmed to the approximately 300 employees that they were terminated effective immediately.

4. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendant and were terminated without cause, as part of, or as the foreseeable result of, a mass layoffs or plant closings ordered by Defendant on January 31, 2024 and within 90 days of that date and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and 90 days advance written notice, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq.* (cumulatively, the "WARN Acts").

5. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-g (2), from Defendant.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

7. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

8. Until she was terminated from her employment on or about January 31, 2024, Plaintiff was employed by Defendant as a Senior Producer, and worked or was based at Defendant's facility in New York, New York.

9. Plaintiff was terminated without cause.

10. Plaintiff neither received 90 days' nor 60 days' notice of her termination.

*Defendant*

11. Upon information and belief and at all relevant times, Defendant operates a digital news website with offices located at 195 Broadway, 26th Floor, New York, New York (the "New York Facility"), 1111 19th Street, NW, Washington, DC, and 222 Lakeview Avenue, Suite 1650, West Palm Beach, Florida (together, the "Facilities").

12. Upon information and belief, Defendant JAF Communications, Inc., is a privately-owned American digital media company based in West Palm Beach Florida.

13. Defendant was founded by James Finkelstein, who is its Chairman and Chief Executive Officer.

14. Upon information and belief and at all relevant times, Defendant conducted business in this district.

15. At all relevant times, Plaintiff and the other similarly situated individuals worked or were based at, or reported to and received assignments from, the Facilities.

16. On January 31, 2024, Defendant informed its employees that it was shutting down, effective immediately.

17. None of its employees, including Plaintiff, received written notice of their terminations prior to January 31, 2024.

18. Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees without 60 days' advance notice.

19. In all, Defendant terminated an estimated 300 employees, including Plaintiff.

**FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104**

20. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of herself and all other similarly situated former employees, pursuant to 29 U.S.C. §

2104(a)(5) and Fed. R. Civ P. 23(a), who worked or were based at, or reported to and received assignments from, the Facilities and were terminated without cause on or about January 31, 2024 and within 90 days of that date, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about January 31, 2024, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

21. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendant.

22. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

23. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Defendant who worked or were based at, or reported to and received assignments from, the Facilities;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

24. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked or was based at, or reported to and received assignments from the Facilities, and were terminated without cause on or about January 31, 2024, due to the mass layoff and/or plant closing ordered by Defendant.

25. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

26. On or about January 31, 2024, Defendant terminated the employment of Plaintiff and similarly situated employees, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

27. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

28. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT ALLEGATIONS

29. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, individually and on behalf of a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked or were based at Defendant's New York Facility and were terminated without cause on or about January 31, 2024, and within 90 days of that date, or were terminated without cause as the result of the mass layoffs and/or plant closings ordered by Defendant on or about January 31, 2024, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

30. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. The identity and number of such persons is within the sole control of Defendant.

31. On information and belief, Defendant employed at least 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendant terminated at least 25 full-time employees, within 30 days of January 31, 2024 from the New York Facility.

32. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

33. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

> (a) whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days' advance written notice in violation of the NY WARN Act; and

(c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the New York WARN Act.

34. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked or was based at the New York Facility and was terminated on or about January 31, 2024, due to the closing of the Facilities ordered by Defendants.

35. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

36. Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

38. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF
### Violation of the Federal WARN Act

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

41. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

42. On or about January 31, 2024, Defendant ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

43. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce at the Facilities.

44. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

45. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

46. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

47. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

48. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

49. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**SECOND CLAIM FOR RELIEF**
**Violation of the New York WARN Act**

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all relevant times, Defendant was an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the New York Facility as defined by § 860-A(3),(4).

61. On or about January 31, 2024, Defendant ordered mass layoffs and/or plant closings at its New York Facility as defined by § 860-A(3),(4).

62. Plaintiff and the New York Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

63. Defendant was required by the NY WARN Act to give the Plaintiff and New York Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

64. Defendant failed to give the Plaintiff and New York Class Members written notice that complied with the requirements of the NY WARN Act.

65. Defendant failed to pay the Plaintiff and each of the New York Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as the WARN Class and NY WARN Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel for all class members;

D. A judgment against Defendant in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and NYLL § 860-g (1)(a);

E. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and NYLL § 860-g (7); and

F.      Such other and further relief as this Court may deem just and proper.

DATED: February 1, 2024

/s/  *Jack. A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Fax:    (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the Plaintiff and all others similarly situated*