# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

April 8, 2024

**VIA ECF**

Honorable Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re: *Belendez-Desha v. JAF Communications, Inc.*, 24 Civ. 741 (MMG)
      (Letter-Motion re: ECF No. 13 Response and Requesting Extension)

Dear Judge Garnett:

  We represent Defendant JAF Communications Inc. ("JAF") in the above-referenced Action. On behalf of our client, we submit this letter-motion pursuant to Rule I.B.5 of the Court's Individual Practices and the Court's Order of April 1, 2024 (ECF No. 13) (the "Order"), to request that the Court excuse JAF's delay in appearing in this Action and issue an extension of time *nunc pro tunc* for JAF to respond to the Complaint.

  As set forth in the Order, if JAF's delay in appearing is not excused, the "Court will consider Plaintiff's complaint to be unopposed, and Plaintiff shall file a motion for default judgment." Under these circumstances, the Court should consider whether to excuse the delay under the "good cause" standard of Federal Rule of Civil Procedure 55(c), which courts use to determine whether a default judgment should be set aside. *See, e.g., Packard v. City of New York*, No. 15 Civ. 7130, 2018 WL 2229123, at *1 (S.D.N.Y. April 30, 2018) (holding that application of "good cause" standard of Rule 55(c) is appropriate in considering a request to file an answer late "because, unlike denying a motion for a *nunc pro tunc* extension of a deadline for some types of filings, a denial in this context would necessarily result in Plaintiffs moving for a default"); *see also id.* ("The Court finds no reason to apply the higher standard of excusable neglect at this juncture when the Court could later vacate a default and allow the Defendant to answer under the more lenient 'good cause' standard.").

  Rule 55(c) allows a court to "set aside an entry of default for good cause." F.R.C.P. 55(c). In assessing whether good cause exists, the Court must analyze three factors: "(1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the adversary." *Packard*, 2018 WL 2229123, at *2. In considering the good cause factors, the Court should be mindful of its

"narrow scope" in "discretion" because of the "strong policies favoring the resolution of genuine disputes on their merits" and "doubts are to be resolved in favor of a trial on the merits." *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). Here, all three factors weigh in favor of excusing Defendant's delayed appearance and allowing it to respond to the Complaint and defend the Action.

First, JAF has a meritorious defense against Plaintiff's claims. This factor applies a "low threshold," requiring Defendant only to assert a potential defense. *Packard*, 2018 WL 2229123, at *2. But JAF in fact has a complete defense here. Under the New York State and Federal Worker Adjustment and Retraining Notification ("WARN") Acts, an employer is not liable under WARN if it proves the "faltering business" or "faltering company" exceptions. *See, e.g.*, 20 C.F.R. § 639.9(a); 12 N.Y.R.C.R. § 921-6.2. JAF, publisher of the online publication *The Messenger*, stopped operating on January 31, 2024, following numerous unsuccessful and good faith attempts to secure loans and capital to continue running its business. The company submitted evidence of these attempts to the New York State Department of Labor ("NYSDOL"). By letter dated March 14, 2024 (attached), the NYSDOL informed JAF that it had "reviewed the materials you submitted to the Department" and, based on that review, "the employer has provided all the documentation to satisfy the submission of the WARN notice and no further action is required. Therefore, we are closing our file on this matter." To be clear, according to the NYSDOL, JAF complied with the New York State WARN Act. *See* Letter. Based on this, JAF has a complete defense against Plaintiff's claims.

Second, JAF's delay in appearing in this Action was not willful. To find "willfulness," the Court must determine that JAF's delay was the result of more than mere oversight, negligence, or carelessness. *See, e.g., Packard*, 2018 WL 2229123, at *2 (quoting *Myrieckes v. Woods*, No. 08 Civ. 4297, 2010 WL 4903621, at *1 (S.D.N.Y. Dec. 1, 2010) ("To find willfulness, the Court must find that Defendants' failure to respond was because of more than mere negligence or carelessness.")). In the wake of closing *The Messenger*, JAF had to consider how and whether to use its limited resources to defend multiple claims arising out of the closure, including this one. Given circumstances surrounding the closure and JAF's proven status as a "faltering company," including its limited resources spent on securing loans and capital to continue running its business, JAF's regular corporate and employment counsel could not defend it in this or numerous other cases that JAF now faces. Consequently, JAF needed to devote its limited resources to evaluating claims, vetting new potential counsel, and analyzing significant and complex issues in a matter of weeks. JAF did not procrastinate or ignore its obligations to the Court. It simply was not able to put forth a response to the Court until it found and retained new counsel.

JAF retained our firm on March 26, 2024. In anticipation of our retention, my partner Gianfranco J. Cuadra and I contacted Jack Raisner, Plaintiff's counsel, by email on March 25, 2024. Due to scheduling conflicts, counsel did not speak until March 27, 2024. On that day, Mr. Cuadra and I told Mr. Raisner that we had just been retained and requested that he consent to an extension for JAF to respond to the Complaint. Mr. Raisner first stated that he might consider it if JAF first produced payroll records for all employees. By email dated March 28, 2024, however, Mr. Raisner refused to consent to

an extension "given how overdue the answer is." Upon seeing that the Court had set a deadline of March 29, 2024, for Defendant to appear (ECF No. 9), we appeared (ECF Nos. 11–12). Accordingly, JAF acted promptly immediately after locating and retaining counsel, and it will continue to do so throughout this case with the Court's permission.

Finally, Plaintiff will not be prejudiced if JAF appears and defends the Action. As the Second Circuit has explained, "delay alone is not a sufficient basis for establishing prejudice," because "some delay will result if defendants' motion is granted." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). For prejudice to exist, there must be loss of evidence, increased difficulties of discovery, or a greater chance of fraud or collusion taking place. *Packard*, 2018 WL 2229123, at *2. As in *Packard*, Plaintiff here cannot show how it will be "prejudiced" simply because JAF has not yet responded to the Complaint. *See id.* Indeed, JAF's appearance and future defense will make it easier for Plaintiff to obtain evidence and engage in discovery.

For these reasons and given the circumstances, JAF respectfully requests an extension until April 30, 2024, to respond to the Complaint. Although Plaintiff does not consent to this request, which is a common courtesy in this District, the delay is minimal, amounting to forty-five more days from the original response deadline. If Defendant had waived service through the Court's standard form, for example, its response would be due within sixty days (*see* https://www.nysd.uscourts.gov/sites/default/files/2018-06/AO-1.pdf). Moreover, Defendant needs this time because it is considering whether to file a motion to dismiss Plaintiff's claims based on the NYSDOL's finding that JAF did not violate the New York State WARN Act because the company satisfactorily demonstrated that it qualified for the "faltering business" exception to the Act.

On behalf of our client, we apologize for JAF's delayed appearance and request that the Court excuse it. We thank the Court for its time and attention to this matter and are available to answer the Court's questions if necessary.

Respectfully submitted,

Louis Pechman

Encl.
cc: Counsel for Plaintiff (via ECF)