# RAISNER | ROUPINIAN

Jack A. Raisner
(212) 221-1747 ext. 454
jar@raisnerroupinian.com

April 8, 2024

**VIA ECF**

Honorable Judge Margaret M. Garnett
United States District Court for the Southern District of New York

**Re:     Belendez-Desha v. JAF Communications, Inc., No. 24 Civ. 00741 (MMG)**
*Response to Defendant JAF's Letter-Motion for Extension*

Dear Judge Garnett:

We represent Plaintiff Pilar Belendez-Desha in this putative class action under the federal and New York Worker Adjustment and Retraining Notification Acts ("WARN"). We write in opposition to the letter-motion (Dkt. No. 14) (the "Letter-Motion") submitted by Defendant JAF Communications, Inc. ("JAF").

More than 25 days after its response to the Complaint was due, JAF asks the Court to not only excuse JAF's delay but extend it another 22 days for no reason other than to further avoid this case.[1] The Letter-Motion does not justify that request. Default would be appropriate, but Plaintiff does not oppose an extension for JAF to file an Answer by Friday, April 12, 2024.

   1.   JAF willfully delayed participation in this case.

"A desire to avoid litigation cannot provide an excuse for failing to satisfy a party's obligations in litigation." *Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc.*, No. 09 CIV. 3059(TPG), 2010 WL 1257573, at *3 (S.D.N.Y. Mar. 30, 2010) (denying motion to vacate default). By its own description, JAF simply prioritized other matters over its obligations to this Court: "multiple claims" arose from *The Messenger's* closure, and it had to "consider how and whether" to devote resources in defending them. (Letter-Motion at 2). It chose to deflect its creditors by filing an Assignment for the Benefit of Creditors receivership in Delaware.[2]

---

[1] While invoking Rule I.B.5. of Your Honor's Individual Rules and Practices, JAF runs afoul of it. The Rule provides that "[a]bsent an emergency, the request must be made <u>at least two business days</u> prior to the original due date." (emphasis in original). JAF claims no *emergency* which prevented it from seeking an extension before its response to the Complaint was due.
[2] An Assignment for the Benefit of Creditors is a state law device by which an insolvent company may liquidate without filing for bankruptcy. *Software Freedom Conservancy, Inc. v.*

JAF also chose to devote resources to manufacturing—in its eyes—a backdoor defense, by making filings with the state Department of Labor ("DOL") instead of obeying the federal rules. (Letter-Motion at 2). *But see Baiyang Food Co.*, 2010 WL 1257573, at *3 ("[A] defendant's choice to default for strategic reasons or in order to gain some tactical advantage weighs strongly in favor of entering default judgment"). JAF distorts the significance of the DOL's Letter it proffers. It has absolutely none, and JAF's efforts to secure it while ignoring this Court proceeding is a slap in the face. While JAF cites *Packard v. City of New York*, No. 115CV07130ATSDA, 2018 WL 2229123, at *2 (S.D.N.Y. Apr. 30, 2018), the *Packard* defendant had been actively involved in the litigation, including discovery, but sought to file a late Answer. The Court found the defendant's participation mitigated against "willfulness." *Id.* at *2. By contrast, JAF chose to assert its defenses afar, and *not* to "litigate the case." *Id.*

Even if JAF's "regular" counsel would not defend this action (Letter-Motion at 2), JAF could have earned extra time without affronting judicial economy. It could have waived service, or entered an appearance and explained its desire to obtain other counsel. Instead, JAF forced Plaintiff and the Court to spin in the wind and expend resources. Plaintiff had to serve process. (Dkt. No. 6). Plaintiff and the Court dealt with a looming case management conference sans defendant. (Dkt. Nos. 8-9 (Letter-Motion and Order). Plaintiff had to fund a *second* service of papers—the Court's Order continuing the conference and ordering Plaintiff to file for default if JAF did not appear. (*See* Dkt. No. 10). Only threats of default elicited *some* movement by JAF.

Mr. Pechman had not yet entered an appearance when he contacted counsel. It was a cold call asking Plaintiff to waive her rights. JAF misrepresents that conversation: counsel did note that constructive data exchanges that move case forward may justify extensions. But Mr. Pechman said he had no information and would blame his client in court if a 33-day delay was not agreed-to. After he conferred with the Plaintiff, counsel relayed that an Answer was in order.

Under threat of default, JAF made an appearance but *still* did not indicate when it would respond to the Complaint, forcing this Court to put JAF on a second deadline. (Dkt. No. 13). JAF's actions do not warrant the sought-after accommodation.

2. <u>JAF's merits arguments do not justify filing anything but an Answer</u>.

JAF asks the Court for weeks of additional time to "consider" a motion to dismiss, based on a Letter JAF received from the DOL. (Letter-Motion at 3). At the outset, such a motion would be futile. The DOL Letter, and whatever materials JAF shared with DOL, are entirely outside the scope of the complaint. They could not be considered on a Rule 12(b)(6) motion. At best, JAF would need to file an Answer and *then* move for judgment on the pleadings or summary judgment, though even those would be dubious. *See In re Start Man Furniture, LLC*, 647 B.R. 116, 137 (D. Del. 2022) (bankruptcy court abused discretion in granting pre-discovery summary judgment on WARN defense) ("The WARN Act's exceptions are narrow, fact-bound defenses."); *In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 175 (Bankr. S.D.N.Y. 2013) faltering company defense is "fact intensive" and "not conducive to the motion to dismiss stage").

---

*Best Buy* Co., 2010 U.S. Dist. LEXIS 125426, *3, 2010 WL 4860780 (S.D.N.Y. November 29, 2010).

Substantively, JAF's DOL Letter, which Mr. Pechman mentioned but did not reveal until now, does not help JAF at all. Based on counsel's discussion with the DOL, when any employer files a WARN notice, it must provide certain data to DOL. If the filed package checks all the boxes, the file-closing DOL Letter is issued – like the one JAF received. If the required 90 days' notice is not provided under state law, the DOL may have some colloquy with the employer before it sends out the same file closing letter.

Regulations effective June 2023 do contemplate a process by which the Commissioner may make findings regarding a claimed exemption. *See* 12 NYCRR § 921-6.6(a) ("An employer cannot be eligible for a reduction or excusal of the notice requirement in the Act pursuant to any exception set forth in this Subpart without a determination by the Commissioner that the employer established all elements of the claimed exception."). DOL's Letter here is not that. It makes *no mention* of a claimed exemption. Even if DOL had informally opined internally that it would consider the WARN notice package satisfactory and close its file, that decision would be superfluous. It could neither abridge rights nor afford privileges in federal court. Indeed, even the regulations themselves state only that a formal determinative opinion would make JAF "eligible" for the defense. 12 NYCRR § 921-6.6(a). At best, like the Equal Employment Opportunity Commission's "cause" determination for discrimination plaintiffs, DOL's findings – had there been any—might be considered in private litigation but would bear no weight. *See, e.g.*, *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 538 (N.D.N.Y. 1995), *aff'd*, 108 F.3d 462 (2d Cir. 1997) ("This court has not given the EEOC's determination any weight … because it contains no legal analysis, which, in any event would be the province of the court").

JAF's Answer is long overdue without justification. It acted with willful indifference to the federal rules, engineering a default judgment that should stick, to deter impunity. If one is not entered, JAF should be required to answer the Complaint by Friday, April 12, 2024.

I am available to answer any questions should the Court find it helpful.

Sincerely,

*/s/ Jack A. Raisner*
Jack A. Raisner

CC:   Counsel of record (via ECF)

3