UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PILAR BELENDEZ-DESHA,

                Plaintiff,

     -against-

JAF COMMUNICATIONS INC. d/b/a THE MESSENGER.,

                Defendant.
-------------------------------------------------------------------X

**24 Civ. 741 (MMG)**

**ANSWER WITH AFFIRMATIVE DEFENSES**

## DEFENDANT JAF COMMUNICATIONS INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant JAF Communications Inc. d/b/a The Messenger ("Defendant" or "The Messenger"), by and through its undersigned counsel, answers the Complaint that Plaintiff Pilar Belendez-Desha filed on February 1, 2024 (ECF No. 1, the "Complaint"), as follows:

### RESPONSE TO NATURE OF THE ACTION

1. The Messenger admits the allegations in Paragraph 1.

2. The Messenger denies the allegations in Paragraph 2 of the Complaint except admits only that it reduced its workforce in part on approximately January 2, 2024.

3. The Messenger denies the allegations in Paragraph 3 of the Complaint except admits only that it terminated the employment of some of its staff on January 31, 2024.

4. The allegations in Paragraph 4 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in Paragraph 4 and otherwise

denies the allegations in Paragraph 4, including that Plaintiff is entitled to the relief sought or that The Messenger is liable under the statutes referenced.

  5.  The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in Paragraph 5 and otherwise denies the allegations in Paragraph 5, including that Plaintiff is entitled to the relief sought or that The Messenger is liable under the statutes referenced.

## RESPONSE TO JURISDICTION AND VENUE

  6.  The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, The Messenger admits only that, based on Plaintiff's allegations, this Court has jurisdiction over this action at this time. The Messenger reserves its right to challenge the jurisdiction of this Court at a later stage in the proceedings.

  7.  The allegations in Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, The Messenger admits only that venue is proper before this Court at this time, based on Plaintiff's allegations.

## RESPONSE TO THE PARTIES

*Plaintiff*

  8.  The Messenger admits the allegations in Paragraph 8.

  9.  The Messenger admits the allegations in Paragraph 9.

  10.  The Messenger admits the allegations in Paragraph 10.

*Defendant*

  11.  The Messenger admits the allegations in Paragraph 11.

  12.  The Messenger admits the allegations in Paragraph 12.

  13.  The Messenger denies the allegations in Paragraph 13 except admits only

that James Finkelstein served as Chairman and Chief Executive Officer of Defendant.

14. The Messenger denies the allegations in Paragraph 14 but admits only that it has conducted business in this District at some point before Plaintiff's filing of the Complaint.

15. The Messenger denies the allegations in Paragraph 15 except admits only that Plaintiff was based out of or reported to one of the Facilities as defined in the Complaint.

16. The Messenger denies the allegations in Paragraph 16.

17. The Messenger denies the allegations in Paragraph 17.

18. The Messenger admits the allegations in Paragraph 18.

19. The Messenger denies the allegations in Paragraph 19 except admits only that Plaintiff was among the employees of Defendant terminated.

### RESPONSE TO FEDERAL CLASS ACTION ALLEGATIONS

20. The allegations in Paragraph 20 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 20, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

21. The allegations in Paragraph 21 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 21 and denies liability to Plaintiff or to anyone in a purported class action.

22. The Messenger denies the allegations in Paragraph 22 as stated.

23. The allegations in Paragraph 23 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger

denies the allegations in Paragraph 23 and denies liability to Plaintiff or to anyone in a purported class action.

24. The allegations in Paragraph 24 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 24 and denies liability to Plaintiff or to anyone in a purported class action, except The Messenger admits only that it terminated the employment of some of its employees, including Plaintiff's employment, on January 31, 2024.

25. The allegations in Paragraph 25 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 25, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

26. The allegations in Paragraph 26 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 26, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action, except The Messenger admits only that it terminated the employment of some of its employees, including Plaintiff's employment, on or about January 31, 2024.

27. The allegations in Paragraph 27 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 27, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

28. The allegations in Paragraph 28 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 28.

## RESPONSE TO NEW YORK WARN ACT ALLEGATIONS

29. The allegations in Paragraph 29 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 29, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

30. The allegations in Paragraph 30 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 30 and denies liability to Plaintiff or to anyone in a purported class action.

31. The Messenger admits the allegations in Paragraph 31.

32. The Messenger denies the allegations in Paragraph 32 as stated.

33. The allegations in Paragraph 33 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 33 and denies liability to Plaintiff or to anyone in a purported class action.

34. The allegations in Paragraph 34 state legal conclusions and arguments to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 34 and denies liability to Plaintiff or to anyone in a purported class action, except The Messenger admits only that it terminated the employment of some of its employees, including Plaintiff's employment, on or about

January 31, 2024.

35. The allegations in Paragraph 35 state legal conclusions and arguments to which no response is required.  To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 35, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

36. The allegations in Paragraph 36 state legal conclusions and arguments to which no response is required.  To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 36, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

37. The allegations in Paragraph 37 state legal conclusions and arguments to which no response is required.  To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 37, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

38. The allegations in Paragraph 38 state legal conclusions and arguments to which no response is required.  To the extent a response is required, The Messenger admits only that Plaintiff purports to proceed as set forth in this Paragraph but otherwise denies the allegations in Paragraph 38, denies that Plaintiff is entitled to any relief sought, and denies liability to Plaintiff or to anyone in a purported class action.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**(Alleged Violation of the Federal WARN Act)**

39. Defendant repeats and incorporates all foregoing paragraphs by reference.

40. The Messenger admits the allegations in Paragraph 40.

41. The allegations in Paragraph 41 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 41 and refers the Court to the statute and regulation cited for a complete recitation of its terms.

42. The allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 42 and refers the Court to the statute cited for a complete recitation of its terms.

43. The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 43 and refers the Court to the statute cited for a complete recitation of its terms.

44. The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 44 except it admits only that it terminated the employment of some of its employees, including Plaintiff's employment, without cause.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 45 and refers the Court to the statute cited for a complete recitation of its terms.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 46 and refers the Court to the full text of the WARN Act for a complete recitation of its terms.

47. The allegations in Paragraph 47 state legal conclusions to which no

response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 47 and refers the Court to the full text of the WARN Act for a complete recitation of its terms.

48. The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 48 and refers the Court to the statute cited for a complete recitation of its terms.

49. The allegations in Paragraph 49 state legal conclusions and argument to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 49, including that Plaintiff or any other person is entitled to the relief sought.

### RESPONSE TO SECOND CLAIM FOR RELIEF
**(Alleged Violation of the New York WARN Act)**

50. Defendant repeats and incorporates all foregoing paragraphs by reference.

51. The allegations in Paragraph 51 (mislabeled 60 in the Complaint) state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 51 and refers the Court to the statute cited for a complete recitation of its terms.

52. The allegations in Paragraph 52 (mislabeled 61 in the Complaint) state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 52 except it admits only that it terminated the employment of some of its former employees from its New York location on January 31, 2024.

53. The allegations in Paragraph 53 (mislabeled 62 in the Complaint) state legal conclusions to which no response is required. To the extent a response is required, The

Messenger denies the allegations in Paragraph 53 and refers the Court to the statute cited for a complete recitation of its terms.

54. The allegations in Paragraph 54 (mislabeled 63 in the Complaint) state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 54 and refers the Court to the statute cited for a complete recitation of its terms.

55. The allegations in Paragraph 55 (mislabeled 64 in the Complaint) state legal conclusions to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 (mislabeled 65 in the Complaint) state legal conclusions and argument to which no response is required. To the extent a response is required, The Messenger denies the allegations in Paragraph 56, including that Plaintiff or any other person is entitled to the relief sought.

**RESPONSE TO PRAYER FOR RELIEF**

57. To the extent that a response to Plaintiff's prayer for relief is required, The Messenger denies each and every allegation and subparts (a) through (f) in the Prayer for Relief, denies liability to Plaintiff and to any purported class action member, denies acting unlawfully, and denies that Plaintiff or any purported class member is entitled to recover the relief sought.

**GENERAL DENIAL**

The Messenger denies each allegation in the Complaint, including those in unnumbered paragraphs, that is not expressly admitted. The Messenger notes that any admission in this Answer is limited just to the specific facts admitted, without admitting any other allegations or facts in the Complaint surrounding, labeling, or characterizing the limited facts admitted.

**AFFIRMATIVE DEFENSES**

Standing fully on its right to plead defenses in the alternative, The Messenger asserts the following defenses and reserves the right to amend this Answer to assert other and further defenses when and if, during discovery and preparation for trial, it becomes appropriate.

By designating the following as "defenses," The Messenger does not suggest either that Plaintiff does not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiff must establish to make a prima facie case against The Messenger. Nothing stated in these defenses is intended to or shall be construed as an admission that any issue or subject matter is relevant to the Plaintiff's allegations.

The Messenger alleges the following defenses:

1.  Defendant meets the "faltering business" and/or "faltering company" exceptions under both the New York State and federal WARN Acts, 29 U.S.C. § 2102(b)(1), 12 N.Y.C.R.R. § 921–6.2.

2.  Defendant gave its employees notice, as required under the state and federal WARN Acts, as soon as reasonably practicable of its termination of operations, including a brief statement of the basis for reducing the notification period under the "faltering business" and/or "faltering company" exceptions.

3.  Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

4.  This action is barred to the extent Plaintiff seeks recovery that is not covered under the federal and state WARN Acts.

5.  The claims of Plaintiff are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

6.  To the extent that Plaintiff was paid compensation beyond that to which she was entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid moneys due.

7.  At all pertinent times, The Messenger acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations regarding some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating any applicable law.

8.  The Messenger will rely on all other defenses that become available during discovery or trial.

## RESERVATION OF RIGHTS

The Messenger has not knowingly or intentionally waived any applicable defenses and reserves the right to amend its Answer and Defenses as warranted through the discovery process and to assert additional defenses, crossclaims, or counterclaims that may become known to it.

## PRAYER FOR RELIEF

The Messenger respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, find that Plaintiff is not entitled to any judgment or relief, enter judgment in favor of The Messenger, award The Messenger its costs and attorneys' fees incurred in defending this action, and award The Messenger such other and further relief as the Court deems just and proper.

Dated: New York, New York
         April 23, 2024

                         PECHMAN LAW GROUP PLLC

                         By:   */s/ Louis Pechman*
                                Louis Pechman
                                Gianfranco J. Cuadra
                                488 Madison Avenue, 17th Floor

 New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on April 23, 2024, Defendant JAF Communications Inc. d/b/a The Messenger filed its Answer and Affirmative Defenses to Plaintiff's Complaint on the Court's ECF system and send it by email to Plaintiff's counsel of record:

Jack A. Raisner, Esq.
René S. Roupinian
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, New York 10016
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorney for Plaintiff*

<u>/s/ Gianfranco Cuadra</u>
Gianfranco J. Cuadra
PECHMAN LAW GROUP PLLC

*Attorneys for Defendant*