```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PILAR BELENDEZ-DESHA,                      :
                                           :
                        Plaintiff,         :
                                           :
            -against-                      :     24 Civ. 741 (MMG)
                                           :
JAF COMMUNICATIONS INC. d/b/a THE          :
MESSENGER,                                 :
                                           :
                        Defendant.         :
------------------------------------------------------------------X
```

___

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23
___

PECHMAN LAW GROUP PLLC
Louis Pechman, Esq.
Gianfranco J. Cuadra, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

*Attorneys for Defendant JAF
Communications Inc. d/b/a The Messenger*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL AND PROCEDURAL HISTORY ................................................................... 1

ARGUMENT ........................................................................................................................ 2

 I. THE RULE 23 STANDARD ................................................................................ 2

 II. THE PROPOSED CLASS FAILS BECAUSE IT INCLUDES INDIVIDUALS NOT SUBJECT TO THE PROTECTIONS OF THE FEDERAL WARN ACT ......................................... 3

 III. THE PROPOSED CLASS FAILS BECAUSE IT IMPROPERLY APPLIES NEW YORK LAW EXTRATERRITORIALLY ........................................................................................ 9

 IV. THE COURT SHOULD AMEND THE PROPOSED CLASS NOTICE ........................ 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Austen v. Catterton Partners V, LP*, 268 F.R.D 146 (D. Conn. 2010) ............................. 3, 4, 6, 8

*Bader v. North Line Layers, Inc.*, 503 F.3d 813 (9th Cir. 2007) ............................................ 4, 5, 6

*Coleman v. Optum Inc.*, No. 22 Civ. 5664, 2023 WL 6390665, at *1 (S.D.N.Y. 2023) .............. 9

*Frymire v. Ampex Corp.*, 61 F.3d 757 (10th Cir. 1995) ................................................................ 5

*Gonzalez v. AMR Services Corp.*, 68 F.3d 1529 (2d Cir. 1995) ................................................... 4

*Hammell v. Paribas*, No. 90 Civ. 4799, 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993) ........ 9

*In re Initial Public Offerings Securities Litigation*, 471 F.3d 24 (2d Cir. 2006) ................... 3, 7, 9

*In re Stage Presence Inc.*, 559 B.R. 93 (S.D.N.Y. Bankr. 2016) .................................................. 9

*Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.*, 546 F.3d 196
    (2d Cir. 2008) ............................................................................................................................ 3

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................................. 7, 8

**Statutes and Rule**

29 U.S.C. § 2101 ..................................................................................................................... 1, 4, 5

29 U.S.C. § 2102 ............................................................................................................................ 4

Fed. Rule Civ. Pro. 23 ........................................................................................................... passim

N.Y. Lab. Law Art. 25–A (McKinney 2023) ............................................................................... 10

N.Y. Lab. Law § 860 ...................................................................................................................... 1

**Regulations**

29 C.F.R. § 639.2 ........................................................................................................................... 4

29 C.F.R. § 639.3 .................................................................................................................... 4, 5, 6

## PRELIMINARY STATEMENT

Defendant JAF Communications Inc. d/b/a The Messenger ("The Messenger") opposes Plaintiff's motion for class action certification under Rule 23 of the Federal Rules of Civil Procedure filed on April 12, 2024 (the "Motion"). The Motion fails in part for two reasons. First, Plaintiff provides no evidence of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act"), applying to any of Defendant's sites of employment outside New York State. As such, the proposed class cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Second, the Motion fails to distinguish between Plaintiff's state and federal law claims for class certification purposes. This is significant because New York's Worker Adjustment and Retraining Notification Act, New York Labor Law § 860 *et seq.* ("NY WARN Act"), cannot apply to employees who worked outside of New York State. After limiting the proposed class, the Court should amend the proposed notice.

## FACTUAL AND PROCEDURAL HISTORY[1]

In her Complaint, Plaintiff claims that The Messenger operated offices in New York, Washington D.C., and Florida. ECF No. 1 ¶ 11. Plaintiff, a New York resident, worked as a senior producer out of the company's New York office from May 2023 to January 31, 2024, when The Messenger terminated her employment. ECF No. 17–1 ¶¶ 3–5. According to Plaintiff, "at least 50 employees" worked for The Messenger "within New York State" as of January 31, 2024. *See* ECF No. 1 ¶ 31.

---

[1] For purposes of this Motion only, The Messenger refers to, but does not admit, allegations in Plaintiff's declaration (ECF No. 17–1) and Complaint (ECF No. 1). The Messenger reserves all rights to deny and contest Plaintiff's allegations. References to "ECF No." are to documents filed on the Court's electronic docket. Page references to ECF documents are to the page numbers at the top of each document (*e.g.*, ECF No. 17 at 1 refers to the cover page of Plaintiff's memorandum of law). References to exhibits ("Ex.") are to the exhibits attached to the accompanying Declaration of Gianfranco J. Cuadra in Opposition to Defendant's Motion for Class Action Certification.

Plaintiff claims that she did not receive a written notice of termination before January 31, 2024, that she was terminated without cause, and that "approximately 300" other employees of The Messenger were also terminated within thirty days of January 31, 2024. ECF No. 17–1 ¶¶ 7, 9, 10. Other than stating that "at least 50" employees worked out of New York State (ECF No. 1 ¶ 31), Plaintiff does not allege where the Company's "300" other employees worked. *See generally* ECF No. 1; ECF No. 17–1 ¶¶ 7, 9, 10. That is, Plaintiff does not specify how many of the employees allegedly fired within thirty days of January 31, 2024, worked out of New York, Washington D.C., Florida, or elsewhere. *See generally* ECF Nos. 1, 17–1. Plaintiff does not identify a single person who worked with her or the work location of any of the company's employees. *See generally* ECF Nos. 1, 17, 17–1. Even including remote workers, The Messenger did not employ fifty or more employees in any of its locations outside of its New York City office. Ex. 1 ¶ 7.

In her Motion, Plaintiff proposes certification of a class defined as:

> Plaintiff and other similarly situated former employees of Defendant: (i) who worked at, received assignments from, or reported to its sites, (ii) who were terminated within 30 days of January 31, 2024, and (iii) who have not filed a timely request to opt-out of the class.

ECF No. 17 at 8. Nowhere in her Motion papers does Plaintiff distinguish New York class members, under the NY WARN Act, from other purported class members. *See generally* ECF No. 17. The proposed class is inclusive of *all* employees of The Messenger regardless of where they worked. *See id.*

## ARGUMENT

### I. The Rule 23 Standard

To certify a class under Rule 23, the plaintiff must establish by a preponderance of the evidence that the proposed class is (1) sufficiently numerous, (2) involves questions of law or fact common to the class, (3) involves plaintiffs whose claims are typical of those

2

of the proposed class members, and (4) involves a class representative or representatives who adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(a); *see Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). The plaintiff must also show that questions of law or fact predominate over any individual inquiry, and a class action must be superior to other available methods of fairly and efficiently adjudicating the parties' controversy. Fed. R. Civ. Pro. 23(b)(3).

A district court cannot certify a class unless the Plaintiff proves all requirements of Rule 23 by a preponderance of the evidence, which can require the court to resolve underlying merits issues. *See, e.g.*, *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 41–42 (2d Cir. 2006) ("*In re Initial Pub.*") ("[C]lass certification can be made only if the judge resolves factual disputes relevant to each Rule 23 requirements and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met."). If after conducting a "rigorous analysis" the District Court is not convinced that all Rule 23 requirements are met, it must deny class certification. *Id.* at 33, 40. If additional discovery is needed to determine whether a Rule 23 requirement is satisfied, the Court should defer class certification until a later date. *See, e.g.*, *Austen v. Catterton Partners V, LP*, 268 F.R.D 146, 153 (D. Conn. 2010) ("Before certifying the proposed class, the Court must be convinced, by a preponderance of the evidence, that common issues will predominate over individualized ones.").

Here, Plaintiff fails to provide evidence establishing all Rule 23 requirements.

## II. The Proposed Class Fails Because It Includes Individuals Not Subject to the Protections of the Federal WARN Act

To prevail on a federal WARN Act claim, a plaintiff must first show that the employer had to comply with the notice requirements of the Act with respect to each one

of its separate sites of employment. *See* 29 U.S.C. §§ 2101, 2102(a). Under the WARN Act, employers must provide notices to their employees sixty (60) days before a "plant closing" or a "mass layoff," both of which require at least fifty (50) employees to lose their jobs in a "single site of employment." *Id.* § 2101(a)(2)–(3); *see also Bader v. N. Line Layers, Inc.*, 503 F.3d 813, 818 (9th Cir. 2007) ("The total number of employees at both sites, however, was never more than 33, an insufficient number to trigger the WARN Act. Furthermore, no single construction project site has more than 35 employees at any one time."); *Austen*, 268 F.R.D. at 150 ("[A] plant closing or mass layoff must occur at a site with at least 50 employees."). A "site of employment" is a single site operated by an employer. *See* 29 C.F.R. § 639.2(i). As the WARN Act regulations explain,

> An employer may have one or more sites of employment under common ownership or control. An example would be a major auto maker which has dozens of automobile plants throughout the country. ***Each plant would be considered a site of employment***, but there is only one "employer", the auto maker.

*Id.* § 639.3(a)(4) (emphasis added). Under the WARN Act, each "site of employment" is treated separately, and the statute's notice requirements apply only when a specific site of employment has at least fifty employees who experience an "employment loss." *See id.* §§ 639.3(b), (c), (f), (i); *Bader*, 503 F.3d at 818; *Austen*, 268 F.R.D. at 150. In sum, an employer that operates multiple sites of employment is required to provide notice under the WARN Act only to employees at sites with fifty or more employees suffering an "employment loss." *See, e.g.*, 29 U.S.C. §§ 2101(a)(2), (a)(3); *Gonzalez v. AMR Servs. Corp.*, 68 F.3d 1529, 1530 (2d Cir. 1995) (affirming dismissal of WARN claim where only forty-seven employees at site suffered employment loss).

When an employer has multiple sites of employment, the most decisive consideration for determining whether the sites can be aggregated and so treated as one

4

for WARN Act purposes is a "reasonable geographic proximity" between them. *See, e.g.*, 29 C.F.R. § 639.3(i)(3); *Frymire v. Ampex Corp.*, 61 F.3d 757, 766–67 (10th Cir. 1995) ("[The] regulations suggest that proximity and contiguity are the most important criteria for making single site determinations."). The regulations limit the aggregation rule to sites that are either "contiguous" or reasonably close to each other. *See* 29 C.F.R. § 639.3(i)(3)–(4). For example, two assembly plants owned and operated by the same employer "on opposite sides of a town" are "separate sites" under the WARN Act. 29 C.F.R. § 639.3(i)(4). Relying on the regulations, courts have concluded that sites located hundreds of miles apart in different states cannot constitute a single "site of employment" under the WARN Act. *See, e.g.*, *Bader*, 503 F.3d at 818 ("The remote construction project sites cannot be aggregated . . . because those sites are located in many different states and are not 'in reasonable geographic proximity' or 'in the same geographic area.'").

Here, the Motion fails to the extent it seeks to certify a class including any of The Messenger's employees who worked outside New York. To certify her proposed class, Plaintiff must provide evidence supporting her claim that The Messenger violated the WARN Act in all of its locations. To do this, Plaintiff must first show that each employment site had more than fifty employees who suffered an "employment loss," a threshold requirement under the WARN Act. *See* 29 U.S.C. § 2101(a)(2)–(3); *see also* ECF No. 17 at 12 (admitting WARN "events" by "definition affect groups of 50 or more employees"). Although Plaintiff claims that The Messenger employed "at least 50 employees within New York State" (ECF No. 1 ¶ 31), she makes no attempt even to allege how many employees worked out of Defendant's other locations, including Washington, D.C. and Florida. *See generally* ECF Nos. 1, 17–1. This is because she cannot. Even including remote employees who reported to or received work assignments from those locations, The Messenger did not employ more than fifty full-time employees at any of

5

its sites outside New York City within thirty days of January 31, 2024. *See* Ex. 1 ¶¶ 5–7. Therefore, Plaintiff cannot show that employees of The Messenger who worked outside New York were entitled to receive a WARN Act notice. *See Bader*, 503 F.3d at 818.

Plaintiff also cannot aggregate the multiple locations of The Messenger into a "single employment site" to make out a WARN Act claim. Her own allegations thwart any attempt to do so: "Upon information and belief and at all relevant times, Defendant operates a digital news website with offices located at 195 Broadway, 26th Floor, New York, New York . . . , 1111 19th Street, NW, Washington, DC, and 222 Lakeview Avenue, Suite 1650, West Palm Beach, Florida." ECF No. 1 ¶ 11. By Plaintiff's own admission, the locations of The Messenger were between 200 and 1,200 miles apart. Any attempt to rely on remote or mobile workers of The Messenger is inapposite (*see* ECF No. 17 at 11–12), because Plaintiff has never alleged anything about them. *See generally* ECF Nos. 1, 17–1.

Ignoring her own admissions and lack of evidence provided, Plaintiff nonetheless seeks to certify a class composed of *all* former employees of The Messenger terminated within thirty days of January 31, 2024, by stating in conclusory fashion that approximately 300 of them did not receive WARN Act notices. *See* ECF No. 17–1 ¶ 10. This is not enough. Per controlling regulations, Plaintiff cannot establish that the company's separate locations should be aggregated and treated as one. The Motion therefore fails with respect to any attempt to certify a class that includes employees of The Messenger who worked outside of or reported to locations other than the New York office. *See* 29 C.F.R. § 639.3(i)(3)–(4). Moreover, although the foregoing is conclusive, the proposed class also fails because Plaintiff has not even alleged—much less proven by a preponderance of the evidence—the remaining factors of the aggregation rule, *i.e.*, that Defendant's multiple locations shared equipment, management, tasks, or employees. *See generally* ECF Nos. 1, 17; *see also Austen*, 268 F.R.D. at 150. These facts are absent from the

Motion and Complaint because Plaintiff cannot allege them. The Messenger's staff worked in specific sites, with dedicated equipment in each site. *See* Ex. 1 ¶¶ 8–9.

The foregoing issues are fatal to the Motion because Plaintiff cannot establish the key fact underpinning her proposed class: that *all* employees of The Messenger terminated on January 31, 2024, were entitled to receive WARN Act notices. Plaintiff cannot ignore this central question by attempting to sweep it under the proverbial rug as a "merits issue" (ECF No. 17 at 19–20). The Second Circuit requires this Court to analyze and make preliminary, non-binding rulings on merits issues that dovetail with Rule 23 requirements. *See In re Initial Pub.*, 471 F.3d at 42–43 (analyzing evidence underlying merits question in Rule 23 class certification context and finding evidence suggested individualized questions would predominate). The Supreme Court has instructed that, as part of the "rigorous analysis" required under Rule 23, it "cannot be helped" that there will be "some overlap with the merits of the plaintiffs' underlying claim." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 351–52, n. 6 (2011) (explaining in securities litigation context that plaintiffs seeking certification of a Rule 23 class "must prove that their shares were traded on an efficient market, . . . ***an issue they will surely have to prove again at trial*** in order to make out their case on the merits" (emphasis added)).

Whether non-New York employees of The Messenger were entitled to WARN Act notices at all lies at the heart of Plaintiff's claim and Motion. Yet, Plaintiff has provided no evidence supporting her contention, making the proposed class necessarily overbroad. *See generally* ECF Nos. 1, 17. Nevertheless, Plaintiff asks this Court to certify a nationwide WARN class while ignoring that the central commonality and typicality inquiry—whether the proposed class members were entitled to receive the notice in the first place—was not even preliminarily established and will require an individualized assessment concerning reporting structures and work locations. *See, e.g.*, Ex. 1 ¶ 6.

Because Plaintiff fails to make out a possible WARN Act violation on behalf of The Messenger's non-New York employees, those employees cannot be included in the same class as Plaintiff and other New York-based employees. As the Supreme Court explained in *Dukes*, it is not enough to assert common questions "even in droves" among proposed class members; rather, the proposed class members' claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims *in one stroke*." 564 U.S. at 350 (emphasis added). Plaintiff fails to allege, and cannot allege, that there were more than the required fifty employees in any site outside New York and that The Messenger's sites should be aggregated. Ex. 1 ¶ 7.[2]

Plaintiff's WARN Act claim is neither typical of nor common to the non-New York employees because she has not shown that they were entitled to receive the required notice and thus obtain the same relief. That is, Plaintiff cannot show "in one stroke" that all proposed class members were protected under the WARN Act. Determining whether the non-New York employees were entitled to WARN Act notices and which offices they reported to, if any, will require an individualized analysis of reporting structures and work locations that will predominate over other issues if the proposed class were certified. *See, e.g.*, *Austen*, 268 F.R.D. at 150–52 (denying certification and explaining it is "Plaintiffs' burden to show that the predominance requirement of Rule 23(b)(3) has been satisfied, and they have not done so at this time" where plaintiffs provided no proof about allowing for aggregation of remote workers). Without first ensuring that Plaintiff has

---

[2] In this regard, Plaintiff's conclusory allegation of there being approximately "300" affected employees also fails to establish numerosity with respect to each site of employment. Her allegations do not even estimate how many of the purported affected employees worked at each site.

established by a preponderance of the evidence that there is a possible and common violation of the WARN Act, this Court should decline to certify the Rule 23 class proposed. *See, e.g., id.*; *see also In re Initial Pub.*, 471 F.3d at 41 (explaining "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met" and "the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement").

### III. The Proposed Class Fails Because It Improperly Applies New York Law Extraterritorially

Plaintiff appears to seek Rule 23 certification of a class composed of "as many as 65" employees who worked or reported to The Messenger's New York office to recover damages under the NY WARN Act. *See* ECF Nos. 17 at 21, 17–2.[3] If Plaintiff seeks to include in what appears to be a NY WARN Act subclass employees of The Messenger who did not reside in New York but worked remotely for the New York office, the Motion fails. This Court should restrict the proposed NY WARN Act class to employees who lived or worked in New York.

It is well settled that the New York Labor Law, including the NY WARN Act, cannot apply extraterritorially. *See, e.g., Coleman v. Optum Inc.*, No. 22 Civ. 5664, 2023 WL 6390665, at *8-9 (S.D.N.Y. 2023) ("The NY WARN Act cannot be applied extraterritorially—that is, it only covers work performed in the state."); *In re Stage Presence Inc.*, 559 B.R. 93, 100 (S.D.N.Y. Bankr. 2016) ("[T]he policy behind the New York Labor law makes clear that it has intended to apply only to work performed in New York."); *Hammell v. Paribas*, No. 90 Civ. 4799, 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993)

---

[3] It is unknown where the estimate of "65" employees mentioned in Plaintiff's Memorandum comes from. *See* ECF No. 17 at 21. Plaintiff never mentions how many employees worked with her in New York, much less the number "65," in either her Complaint or declaration. *See generally* ECF Nos. 1, 17–1.

(limiting application of New York Labor Law to state territory, especially because the "purposes of this area of the labor law is clearly to protect workers laboring in New York"). Nothing in the NY WARN Act suggests it applies extraterritorially. *See* N.Y. Lab. Law Art. 25–A (McKinney 2023).

Plaintiff does not clearly state whether she seeks to recover damages under the NY WARN Act for *all* employees who worked in any capacity with The Messenger's New York City office or only for those employees who lived in New York State or were physically working out of the New York City office. *See generally* ECF Nos. 17, 17–1. The Messenger had remote employees who lived outside of New York State but reported to its New York office. Ex. 1 ¶ 6. Those employees are not entitled to recover damages under the NY WARN Act. They are not similarly situated to Plaintiff under Rule 23 with respect to commonality, typicality, or predominance because Plaintiff's alleged violation of the NY WARN Act and recovery under it cannot apply to them.

**IV.   The Court Should Amend the Proposed Class Notice**

After limiting the proposed class, the Court should strike one-sided language from the proposed notice. The notice must fairly present each Party's position and apprise potential class members of their rights. A revised proposed notice is attached as Exhibit 2 to the accompanying Declaration of Gianfranco J. Cuadra, Esq.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion in part and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 17, 2024

                                          PECHMAN LAW GROUP PLLC

                                          By: _____
                                          Louis Pechman
                                          Gianfranco J. Cuadra
                                          488 Madison Avenue, 17th Floor
                                          New York, New York 10022
                                          Tel.: (212) 583-9500
                                          pechman@pechmanlaw.com
                                          cuadra@pechmanlaw.com
                                          *Attorneys for Defendant JAF*
                                          *Communications Inc. d/b/a The*
                                          *Messenger*