USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,

               Plaintiff,

-against-

JAF COMMUNICATIONS, INC. d/b/a The Messenger,

               Defendant.

24-CV-00741 (MMG)

**MEMORANDUM OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

    This is a proposed class action for alleged violations of the federal Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-09 (the "federal WARN Act"), and its New York State counterpart, New York Labor Law ("NYLL") § 860 *et seq.* (the "New York WARN Act") (together, the "WARN Acts"). Currently pending before the Court is Plaintiff Pilar Belendez-Desha's motion for class certification. Dkt. No. 16. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

**FACTUAL BACKGROUND**

    The Court sets forth the following facts based on the Complaint (Dkt. No. 1) and the motion papers, including the exhibits submitted in support thereof. *See Martinek v. AmTrust Fin. Servs., Inc.*, No. 19-cv-08030 (KPF), 2022 WL 326320, at *1 n.1 (S.D.N.Y. Feb. 3, 2022) (in deciding class certification motion, the court relied on the operative pleading and the exhibits submitted by the parties in support of the motion).

    Defendant JAF Communications, Inc., doing business as The Messenger ("Defendant" or "The Messenger"), launched a now-defunct news organization called The Messenger in May 2023, with office locations in New York, New York, Washington, D.C., and West Palm Beach,

Florida.[1]  Dkt. No. 1 ¶¶ 1–3, 11.  Plaintiff worked out of The Messenger's New York office as a senior producer from May 2023 to January 31, 2024.  Dkt. No. 17-1 ¶ 5.

On January 2, 2024, Defendant terminated approximately 20 employees in an effort to reduce The Messenger's workforce.  Dkt. No. 1 ¶ 2.  On January 31, 2024, Defendant's remaining employees—of which there were approximately 300, including Plaintiff—learned through The New York Times that employees of The Messenger "were being terminated."  Dkt. No. 17-1 ¶¶ 6, 10.  Minutes later, "The Messenger told [Plaintiff] and other employees for the first time that [they] were terminated, effective immediately."  *Id.* at 6.  According to Plaintiff, neither she nor any of the other employees terminated on January 31, 2024 received written notices of termination in compliance with the federal or New York State WARN Acts.  *Id.* ¶¶ 7, 11; *see also* Dkt. No. 17 at 2–3.

Plaintiff now moves to certify her purported class, defined as "Plaintiff and other similarly situated former employees of Defendant:  (i) who worked at, received assignments from, or reported to any of its sites, (ii) who were terminated within 30 days of January 31, 2024, and (iii) who have not filed a timely request to opt out of the class[.]"  Dkt. No. 17 at 1; *see also* Dkt. No. 17-3 at 3.  Defendant opposes Plaintiff's motion for class certification as to former employees who reported to the Washington, D.C. and West Palm Beach offices, but does not oppose Plaintiff's motion with respect to its former employees who received assignments from the New York office.  *See* Dkt. No. 25 at 1.  In conjunction with its opposition, Defendant requests that the Court amend Plaintiff's proposed class action notice so the definition of the class only includes The Messenger's former employees that worked from or reported to its New York office.  *Id.* at 5, 10; *see also* Dkt. No. 24-2.

---

[1] In addition to its three physical office locations, The Messenger had remote employees who "reported to different individuals and locations."  Dkt. No. 24-1 ¶¶ 5–6.

2

**DISCUSSION**

I. **Federal and New York State WARN Acts**

"Congress enacted the federal WARN Act to ensure that workers receive advance notice before plant closings and mass layoffs." *1199 SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council, Inc.*, No. 13-cv-2768 (JGK) (JCF), 2013 WL 6003731, at *2 (S.D.N.Y. Nov. 13, 2013) (citing *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255, 256 (S.D.N.Y. 1996)), *report and recommendation adopted*, 2013 WL 6244716. The federal WARN Act requires employers with 100 or more employees to provide each affected employee with a 60-day written notice before a "plant closing" or "mass layoff" at a single site of employment. 29 U.S.C. § 2102(a); *see also* 29 U.S.C. §§ 2101(1)–(3). If an employer orders a plant closing or mass layoff without providing the required notice, the employer is liable to affected employees for back pay and benefits. 29 U.S.C. § 2104(a)(1).

The New York WARN Act mostly tracks the federal statute, but has a lower threshold for its protections. *See 1199 SEIU United Healthcare Workers E.*, 2013 WL 6003731, at *2 (explaining that "wherever there is liability under the federal WARN Act, there is necessarily liability under the N.Y. WARN Act"). The New York WARN Act requires an employer with 50 or more employees to provide 90-day written notices to employees before it orders a "plant closing" or "mass layoff" at a single site of employment. NYLL § 860-b(1); *see also* NYLL §§ 860-a(3), (4), (6).

"[C]ourts have regularly held that the WARN Act is particularly amenable to class litigation." *Guippone v. BH S&B Holdings LLC*, 09-cv-1029 (CM), 2011 WL 1345041 at *2 (S.D.N.Y. Mar. 30, 2011) (quotation and citations omitted)); *see also Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004) ("Because [federal] WARN Act lawsuits

3

are permitted only against employers with more than 100 employees, WARN actions are particularly amenable to class-based litigation." (citing *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989)).

## II. Class Certification

"A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23 of the Federal Rules of Civil Procedure.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) ("The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." (citations omitted)). Courts must "'assess all of the relevant evidence admitted at the class certification stage' when determining whether to grant a Rule 23 motion." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) (quoting *In re Initial Pub. Offerings Sec. Litig.* ("*In re IPO*"), 471 F.3d 24, 42 (2d Cir. 2006)). The district court must undergo a "rigorous analysis" of Rule 23's requirements to determine whether class certification is appropriate. *In re IPO*, 471 F.3d at 33. Although this analysis will necessarily have "some overlap with the merits of the plaintiff's underlying claim," *Wal-Mart*, 564 U.S. at 351, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 465–66 (2013) (internal references omitted).

The district court must determine whether the proposed class meets the threshold requirements of Rule 23(a):

> (1) numerosity ("the class is so numerous that joinder of all members is impracticable"), (2) commonality ("there are questions of law or fact common to the class"), (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"), and (4) adequacy of representation

4

> ("the representative parties will fairly and adequately protect the interests of the class").

*In re Am. Int'l. Grp., Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012) (quoting Fed. R. Civ. P. 23(a)). "In addition to Rule 23(a)'s explicit textual requirements, the Second Circuit also recognizes an implicit 'ascertainability' requirement, which commands that the proposed class be 'defined using objective criteria that establish a membership with definite boundaries.'" *Martinek*, 2022 WL 326320, at *3 (quoting *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2021 WL 4077942, at *5 (S.D.N.Y. Sept. 8, 2021); *see also In re Petrobras Sec.*, 862 F.3d 250, 257 (2d Cir. 2017).

Once the district court is satisfied that the Rule 23(a) elements are satisfied, it must next evaluate whether the action can be maintained pursuant to Rule 23(b)(1), (2) or (3). *Id.* at *4. Here, Plaintiff seeks to certify a class under Rule 23(b)(3). Dkt. No. 17 at 1. Rule 23(b)(3) permits class certification where the district court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

    a. **Single Site of Employment**

Defendant makes the overarching argument in its opposition that the class proposed by Plaintiff cannot satisfy Rule 23 because it includes all of The Messenger's former employees, regardless of where they worked. Defendant asserts that its non-New York offices located in Washington, D.C. and West Palm Beach, Florida did not employ the statutory requisite number of workers to qualify as a single site of employment for purposes of the federal WARN Act, so the employees who worked from or reported to those offices were not entitled to federal WARN Act notice. Dkt. No. 25 at 2; Dkt. No. 24-1 ¶ 7. This single site of employment issue, according

to Defendant, prevents Plaintiff from satisfying the commonality and typicality elements of Rule 23(a) "because she has not shown that they were entitled to receive the required notice and thus obtain the same relief." Dkt. No. 25 at 8.

Plaintiff, on the other hand, contends that whether Defendant's Washington, D.C. and West Palm Beach, Florida offices qualify as sites of employment under the federal WARN Act is a merits question that is not appropriate for resolution at the class certification stage. Dkt. No. 26 at 2. Because this issue can be resolved with "class-wide common proof," such as Defendant's business and employment records, Plaintiff asserts that it is not necessary to decide which of Defendant's office locations qualify as "single sites of employment" at this time. *Id.* at 8.

The Court agrees with Plaintiff. Determining which of Defendant's three offices qualify as single sites of employment for purposes of the federal WARN Act is a merits question that is not properly addressed at the class certification stage because it would require the Court to go beyond what is relevant and necessary for it to certify the proposed class. Indeed, the Supreme Court has advised that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466. Resolving this issue would require the Court to engage in exactly the type of "free-ranging merits inquiries" that the Supreme Court has explicitly cautioned against, including the treatment of remote employees, whether Defendant's office locations can or should be aggregated, and, of course, which of Defendant's former employees were entitled to WARN Act notice of termination. These questions are central to the merits of the claims asserted by Plaintiff, but do not impact the propriety of certifying the class. Moreover, however these issues are resolved, the same result will apply to all D.C.-based employees and/or all West Palm Beach-based employees, rather than requiring individualized determinations that could undermine the commonality or typicality required for class

certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (quotation omitted)).

Therefore, the Court declines to determine which of Defendant's three office locations qualify as "single sites of employment" at this stage and proceeds to a Rule 23 analysis of the proposed class.

### b. The Proposed Class Satisfies the Requirements of Rule 23(a)

#### i. Numerosity

The numerosity requirement of Rule 23(a)(1) requires that the "class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While no set minimum number of plaintiffs is required to maintain a class action, the numerosity requirement of Rule 23(a)(1) will generally be met if the potential number of plaintiffs exceeds 40. *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

According to Plaintiff, there are "approximately 300" former employees of The Messenger who were subject to the January 2024 terminations without advance notice. Dkt. No. 17 at 1. Plaintiff argues that this large number of putative class members "is likely to satisfy Rule 23(a)(1)" due to the nature of the federal and New York WARN Acts claims asserted and because the "limited financial resources and size of [putative class members'] claims make individual suits financially unfeasible." *Id.* at 9. Defendant argues that Plaintiff "fails to establish numerosity with respect to each site of employment" because "[h]er allegations do not even estimate how many of the purported affected employees worked" at the Washington, D.C. and West Palm Beach offices. Dkt. No. 25 at 8 n.2; *see also id.* at 2.

The Court finds that the putative class of "approximately 300" former employees of The Messenger who were terminated within 30 days of January 31, 2024, satisfies the numerosity requirement of Rule 23(a)(1). *See Assif v. Titleserv, Inc.*, 288 F.R.D. 18, 23 (E.D.N.Y. 2012) (certifying a WARN class where Plaintiff estimated there were "approximately 200 other full-time employees" who were eligible to receive WARN Act notices). The group is large enough to satisfy the numerosity requirement of Rule 23(a)(1), "particularly in light of the allegations that the members of this class have limited financial resources and lack the . . . financial wherewithal necessary to bring individual suits to enforce their rights under the [New York and federal] WARN Act[s]." *Cashman*, 225 F.R.D. at 91; *see also* Dkt. No. 17-1 ¶ 18.

Further, as noted above, the issue raised by Defendant regarding whether the Washington, D.C. and West Palm Beach, Florida offices employed enough people to qualify as "sites of employment" for purposes of the federal WARN Act is a merits issue that is neither relevant nor necessary for the Court to address at the class certification stage. *See, e.g.*, *Chaney v. Vt. Bread Co.*, 2:21-cv-00120, 2022 WL 3443973, at *4 (D. Vt. Aug. 17, 2022) ("While some Defendants contend that they employed closer to 90 employees [instead of the hundreds of employees alleged by the plaintiffs], rather than the 100 required for WARN Act liability, even 90 employees would be sufficient for class certification.").

The Court finds that the numerosity requirement is satisfied.

### ii. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has explained that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," as opposed to merely "suffer[ing] a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 349–50. To satisfy

8

the commonality requirement, the claims must be "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Here, Plaintiff has shown that there exist issues of both fact and law that are common to all proposed class members. These issues include, but are not limited to, "whether the class members lost their employment as a result of a qualifying event under the [federal or New York] WARN Act[s]; whether there was a sufficient number of employees who lost their positions to warrant application of the [federal or New York] WARN Act[s]; whether an exception to the [federal or New York] WARN Act[s] applied; and the nature of defendants' liabilities." *Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, 08-cv-00321 (VB) (PED), 2012 WL 857891, at *2 (S.D.N.Y. Feb. 24, 2012); *see also Assif*, 288 F.R.D. at 24. There is a single set of operative facts at play—Plaintiff and the proposed class members were allegedly terminated without advance notice in January 2024 when Defendant shut down operations at The Messenger. *See Wal-Mart*, 564 U.S. at 350 (noting that, to satisfy the commonality requirement, the putative class members' "claims must depend upon a common contention"). Whether the class members' office locations qualify as "single sites of employment," as defined by the WARN Acts, will be determined after at least some discovery is exchanged or through dispositive motions, and does not by itself undermine the commonality element at the class certification stage. *See, e.g.*, *Guippone*, 2011 WL 1345041, at *5; *see also supra* at § II(a).

The Court thus concludes that the commonality requirement is satisfied.

### iii. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement "is

9

satisfied when each class member . . . makes similar legal arguments to prove the defendant's liability." *Robidoux*, 987 F.2d at 936 (citation omitted). "Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Guippone*, 2011 WL 1345041, at *6 (citations omitted). The typicality requirement is "fairly easily met in an action brought under the WARN Act." *Cashman*, 225 F.R.D. at 92.

Here, Plaintiff is a typical representative of the proposed class. There is nothing to suggest that her claim is substantively or materially different from the proposed class members' claims because everyone's claims arise out of the same alleged WARN Act event, so Plaintiff and her prospective class members will make "similar legal arguments to prove [Defendant's] liability." *Robidoux*, 987 F.2d at 936 (citation omitted); *see also Guippone*, 2011 WL 1345041, at *6 (noting that the question for the typicality requirement is "whether the class representatives' claims have the same essential characteristics as the claims of the class at large"). Further, there is no indication that Plaintiff has any conflicts with the other putative class members. *See* Dkt. No. 17-1 ¶ 17 ("I have no conflict of interest with other class members.").

Thus, Rule 23(a)(3)'s typicality requirement is satisfied.

### iv. Adequacy

Rule 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This a two-prong analysis that requires "inquiry as to whether:  1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d

Cir. 2000)); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." (citations omitted)).

Here, there is "no divergence" between the interests of Plaintiff and the proposed class members, satisfying the first prong of Rule 23(a)(4). *See Guippone*, 2011 WL 1345041, at *7 ("The first element of Rule 23(a)(4) is met in this case because . . . no divergence exists between the interests of the proposed Class Representative and the interests of the Class as a whole. [Plaintiff's] interest is exactly the same as that of any other employee who was entitled to the WARN Act notice."). Plaintiff's interests are coextensive with any other former employee of The Messenger who was entitled to notice under the federal or New York WARN Acts.

As for the second element, Defendant does not contest the adequacy of class counsel. Plaintiff is represented by attorneys at the firm Raisner Roupinian, LLP,[2] which is a firm that has extensive experience with both class actions and WARN Act litigations, with Jack Raisner as counsel of record. *See* Dkt. No. 17-2 ¶¶ 15–23. The Court finds that Mr. Raisner and his firm are "'qualified, experienced, and generally able to conduct the litigation.'" *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (quoting *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also infra* § II(d).

Accordingly, Plaintiff has satisfied the adequacy prong of Rule 23(a)(4).

### v. Ascertainability

"[A] class is ascertainable if it is defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec.*, 862 F.3d at 257. "This modest

---

[2] Attorney Jack Raisner, a partner at Raisner Roupinian, LLP, is the only attorney who has entered a notice of appearance on behalf of Plaintiff. However, attorney René Roupinian, a partner at Raisner Roupinian LLP who has not entered a notice of appearance in this case, submitted a declaration in support of Plaintiff's motion for class certification. Dkt. No. 17-2.

11

threshold requirement will only preclude certification if a proposed class definition is indeterminate in some fundamental way." *Id.* at 269.

This "modest" requirement is satisfied here. Plaintiff seeks certification of a class of former employees of Defendant who were terminated with 30 days of January 31, 2024. Determining whether a prospective class member qualifies for that class can be resolved by reference to objective criteria, namely, whether a prospective class member was an employee of Defendant, their employment site, and the date of their employment termination. Thus, the Court is satisfied that the proposed class is ascertainable.

### c. The Proposed Class Meets the Requirements of Rule 23(b)(3)

Lastly, the Court must consider the requirements of Rule 23(b)(3). To satisfy Rule 23(b)(3), the Court must determine that issues common to the class as a whole predominate over individual issues and that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance requirement of Rule 23(b)(3) 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020) (quoting *Amchem Prods., Inc.*, 521 U.S. at 623). This requirement is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Id.* (quotation omitted); *see also Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual

12

class members." (citations and quotations omitted)). The second requirement of Rule 23(b)(3), superiority, "involves, either explicitly or implicitly, a comparison of the class action—representative litigation—as a procedural mechanism to available alternatives." *Mangahas v. Eight Oranges Inc.*, 22-cv-04150 (LJL), 2024 WL 2801922, at *11 (S.D.N.Y. May 31, 2024) (quotation omitted).

> Factors relevant to predominance and superiority include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). "The 'predominance' requirement of Rule 23(b)(3) 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Amchem Prods*, 521 U.S. at 623).

Here, Plaintiff has shown by a preponderance of the evidence that common issues of fact and law predominate in the asserted claims, and that a class action is the superior procedural mechanism for these claims. The core claim is that Defendant violated the New York and federal WARN Acts by terminating employees without providing proper WARN Act notice. This has repeatedly been deemed sufficient in similar cases to find that classwide issues predominate over individual issues, and the Court finds similarly here. *See, e.g.*, *Assif*, 288 F.R.D. at 25; *Nieves*, 2012 WL 857891, at *3 (finding predominance was satisfied in a federal WARN Act class under Rule 23(b)(3)); *Guippone*, 2011 WL 1345041, at *8 (same); *Chaney*, 2022 WL 3443973, at *6 ("In this case, the predominance requirement is easily met as the question of WARN Act violations predominates."). Therefore, the predominance requirement of Rule 23(b)(3) is satisfied.

Moreover, the Court also finds that resolution of this matter as a class action is superior to all other available methods of adjudication. Neither Plaintiff Belendez-Desha nor any other putative class member has expressed interest in individually controlling the prosecution, but Plaintiff has expressed a desire to pursue this litigation as a class. *See* Dkt. No. 17-1 ¶¶ 16, 18. Proceeding as a class action is far superior to having hundreds of individual WARN Act lawsuits stemming from the same alleged WARN Act event because it "concentrate[s] any WARN litigation in a single action [and] will avoid multiple suits." *Guippone*, 2011 WL 1345041, at *8; *see also Chaney*, 2022 WL 3443973, at *6 ("In this instance, a class action is superior to hundreds of individual claims, particularly given the relatively small value of individual WARN Act claims as compared to the aggregate relief sought by the putative class."). Additionally, class members have an interest in pursuing this litigation as a class, as the potential monetary recovery at stake will likely be too small relative to the costs associated with pursuing individual actions. The Court therefore finds that the superiority requirement of Rule 23(b)(3) is satisfied.

### d. The Court Will Appoint Raisner Roupinian as Class Counsel

"[A] court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). Rule 23(g) further provides, in relevant part:

> "[i]n appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; [and] may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class[.]"

Fed. R. Civ. P. 23(g)(1)(A)–(B). Plaintiff's counsel, attorneys at the firm Raisner Roupinian, LLP, argues that they should be appointed as class counsel because they have been "actively and diligently prosecuting this action, expending attorney and paralegal time in furtherance of the

litigation" and they are "highly experienced in class action litigation and experienced in prosecuting WARN Act claims[.]"  Dkt. No. 17 at 21.  In support of their request to be appointed class counsel, one of Plaintiff's attorneys, René Roupinian, submitted a declaration that, *inter alia*, details her experience and that of her firm's with class actions and WARN Act litigation.  *See* Dkt. No. 17-2 ¶¶ 15–23.  Defendant does not oppose Raisner Roupinian LLP's requested appointment as class counsel.  *See generally* Dkt. No. 25.

Raisner Roupinian LLP is "solely dedicated to representing employees affected by mass layoffs and shutdowns" and even has a WARN Act Practice Group.  Dkt. No. 17-2 ¶ 15.  The firm has served as "Plaintiff's counsel in over 150 certified WARN class actions" in federal courts across the country.  *Id.* ¶¶ 22–23.  The Court is confident in "counsel's experience in handling class actions" and "counsel's knowledge of the applicable law."  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii).  Furthermore, counsel has represented that they have "spent time investigating the facts which gave rise to the WARN claim," Dkt. No. 17-2 ¶ 14, and, based on representations from counsel at the Court's July 2, 2024 Initial Pretrial Conference, the Court is confident that these efforts have and will continue.  The Court therefore approves Raisner Roupinian LLP as class counsel.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's motion for class certification (Dkt. No. 16).  The Court appoints Pilar Belendez-Desha as class representative and Raisner Roupinian LLP as class counsel.  The Court approves Plaintiff's class notice (Dkt. No. 17-3), which shall be mailed by first class mail by class counsel to the individuals identified as potential class members.

The Clerk of Court is respectfully directed to terminate Dkt. No. 16.

Dated: December 18, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge