IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,<br><br>                Defendant. | CASE NO.   24-cv-0741 (MMG) |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR (I) AN ORDER GRANTING PRELIMINARILY APPROVAL OF SETTLEMENT, APPROVING NOTICE, SCHEDULING FAIRNESS HEARING, AND RELATED RELIEF, (II) AN ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND (III) AN ORDER ENTERING CONSENT JUDGMENT**

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................... 1

RELIEF REQUESTED ........................................................................................................ 3

ARGUMENT ......................................................................................................................... 3

   A.  The Preliminary Approval Legal Standard ............................................................ 3

   B.  The Settlement is Procedurally Fair ....................................................................... 4

   C.  The Settlement is Substantively Fair Under the *Grinnell* Factors......................... 6

       1.  The complexity, expense, and likely duration of litigation .......................... 6

       2.  The reaction of the class to the settlement .................................................. 7

       3.  The stage of the proceedings and the amount of discovery completed ....... 7

       4.  The risks of establishing liability and damages and maintaining class action status through trial ................................................................................ 8

       5.  The ability of Defendant to withstand greater judgment ............................. 8

       6.  The range of reasonableness of the Settlement Agreement in light of the best possible recovery and attendant risks of litigation ...................................... 9

   D.  The Court Should Approve the Proposed Form and Manner of Notice............. 10

   E.  The Court Should Set a Fairness Hearing and Finally Approve the Settlement at the Fairness Hearing ................................................................................................. 11

   F.  Proposed Notice Schedule .................................................................................... 11

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Bodon v. Domino's Pizza, LLC*,
   2015 U.S. Dist. LEXIS 17358 (E.D.N.Y. Jan. 16, 2015) .......................................................... 9

*Charron v. Wiener*,
   731 F.3d 241 (2d Cir. 2013) .................................................................................................... 3

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ............................................................................................. 3, 6, 9

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001) ...................................................................................................... 5

*Flores v. Mamma Lombardi's of Holbrook, Inc.*,
   104 F.Supp.3d 290 (E.D.N.Y 2015) ........................................................................................ 8

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................................ 8

*Hall v. ProSource Techs., LLC*,
   2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. Apr. 11, 2016) ........................................................ 5

*In re IMAX Sec. Litig.*,
   283 F.R.D. 178 (S.D.N.Y. 2012) ............................................................................................. 8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   986 F. Supp. 2d 207 (E.D.N.Y. 2013) ..................................................................................... 7

*In re Platinum & Palladium Commodities Litig.*,
   No. 10-cv-3617, 2014 U.S. Dist. LEXIS 96457 (S.D.N.Y. Jul. 15, 2014) ..........................4, 6

*In re Sinus Buster Prods. Consumer Litig.*,
   No. 12-CV-2429 (ADS)(AKT), 2014 U.S. Dist. LEXIS 158415 (E.D.N.Y. Nov. 10, 2014) .............6, 8

*McReynolds v. Richards-Cantave*,
   588 F.3d 790 (2d Cir. 2009).................................................................................................... 4

*Meredith Corp. v. SESAC, LLC*,
   87 F. Supp. 3d 650 (S.D.N.Y. 2015) ................................................................................... 6, 7

*Monzon v. 103W77 Partners, LLC, 13-cv-5951-AT*,
   2014 U.S. Dist. LEXIS 147093 (S.D.N.Y. Oct. 15, 2014) ...................................................... 4

*Moses v. N.Y. Times Co.*,
   79 F.4th 235 (2d Cir. 2023) ..................................................................................................... 3

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972) .................................................................................................... 9

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
   237 F.R.D. 26 (E.D.N.Y. 2006) ...................................................................................... 7

*Shapiro v. JPMorgan Chase & Co.*,
   No. 11-cv-8331-MHD, 2014 U.S. Dist. LEXIS 37872 (S.D.N.Y. Mar. 24, 2014) .................................... 9

*Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143
   (ENV)(RER), 2011 U.S. Dist. LEXIS 21102 (E.D.N.Y. Feb. 18, 2011) .................................................. 8

**Statutes**

29 U.S.C. § 2101 .............................................................................................................. 1

29 U.S.C. § 2104 .............................................................................................................. 1

New York Labor Law § 860 *et seq*. ............................................................................... 1

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 1, 3, 10, 11

Plaintiff Pilar Belendez-Desha ("Plaintiff"), on behalf of herself and a putative class of similarly situated former employees, and JAF Communications ("JAF" or "Defendant" and, together with Plaintiff, the "Parties") submit this memorandum of law in support of their Joint Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for approval of a settlement agreement between the parties. The parties have agreed to a consent judgment against Defendant, subject to the terms of the agreement which is discussed herein. The Parties therefore respectfully seek preliminary approval of the settlement and dissemination of notice to the class and, upon a final fairness hearing after the notice period, final approval of the settlement and entry of the consent judgment.

## BACKGROUND

Defendant JAF was an online news website that launched as The Messenger in May 2023. Beginning on or around January 31, 2024, Defendant laid off approximately 300 of its employees.

On February 1, 2024, Plaintiff filed a Class Action Complaint against Defendant in this Court, alleging Defendant failed to provide the employees advance notice of their terminations in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act") and the New York Labor Law § 860 *et seq*. ("NY WARN Act") (ECF 1) (cumulatively, the "WARN Acts"). The Complaint seeks damages up to 60 days' pay and benefits for Plaintiff and the class, pursuant to 29 U.S.C. § 2104(a)(1)(A). (ECF 1, ¶ 4).

On or about February 15, 2024, JAF terminated its operations and discontinued its business. Shortly after, JAF entered into a Trust Agreement and Assignment for the Benefit of Creditors in the Delaware Court of Chancery, Civil Action Number 2024-0147-PAF (the "ABC Proceeding").

1

Defendant filed its Answer to Plaintiff's Complaint on April 23, 2024 (ECF 20), denying Plaintiff's allegations and any WARN violation and submitting, as affirmative defenses, that JAF was a faltering business under WARN and did not violate the law.

On December 18, 2024, the Court certified a class, defined as:

Plaintiff and other similarly situated former employees of Defendant: (i) who worked at, received assignments from, or reported to any of its sites, (ii) who were terminated within 30 days of January 31, 2024, and (iii) who have not filed a timely request to opt out of the class.

The Court also appointed Plaintiff as Class Representative and her counsel as Class Counsel. (ECF 38).

Notice was sent to 280 potential class members. (ECF 39[1]). Five individuals opted out of the class. (ECF 42). The class consists of 275 individuals, including Plaintiff (the "Class Members").

The Parties commenced written discovery, including initial disclosures, requests for production of documents, interrogatories, and an agreement on the production of electronic discovery. Additionally, the Parties exchanged documents relevant to the calculation of damages for the putative class.

On September 11, 2024, the Parties participated in an unsuccessful settlement conference with Magistrate Judge Barbara Moses but continued to negotiate afterwards. After further arm's length negotiations, the Parties agreed to resolve the WARN Action (the "Settlement Agreement") by entering into a Consent Judgment (the "Consent Judgment") for $4.5 million, which amount would be sought from available assets in the ABC Proceeding. The Settlement Agreement is attached hereto as **Exhibit 1**.

---

[1] The affidavit of mailing erroneously stated that 279 individuals received notice. This was due to a numbering error in the list attached as Exhibit B to the affidavit.

**RELIEF REQUESTED**

The Parties seek entry of their proposed Preliminary Approval Order, attached hereto as **Exhibit 2**, approval of their proposed Class Notice, attached hereto as **Exhibit 3**, and scheduling of a Fairness Hearing. After notice to the class and the Fairness Hearing, the Parties seek entry of a Final Approval Order, the proposed form of which is attached hereto as **Exhibit 4**, and entry of Consent Judgment, the proposed form of which is attached hereto as **Exhibit 5**.

**ARGUMENT**

**A. The Preliminary Approval Legal Standard**

Rule 23(e) requires court approval to settle or compromise a class action to ensure that any resolution is procedurally and substantively "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Following amendment in 2018, that rule specifies two procedural and two substantive factors for courts to consider in the approval decision: whether "the class representatives and class counsel have adequately represented the class"; whether "the proposal was negotiated at arm's length"; whether "the relief provided for the class is adequate"; and whether "the proposal treats class members equitably relative to each other." *Id.*; *see also Moses v. N.Y. Times Co.*, 79 F.4th 235, 242 (2d Cir. 2023) (quoting factors). These four factors "were intended to supplement rather than displace the '*Grinnell*' factors" that courts in this circuit have long used to assess whether a class settlement is fair. *Reyes v. Summit Health Mgmt., LLC*, No. 22-CV-9916, 2024 Dist. LEXIS 21061, at *4 n.2 (S.D.N.Y. Feb. 6, 2024); *see Pickard v. OnSite Facility Servs., LLC*, No. 5:22-CV-207, 2023 Dist. LEXIS 191242, at *3 n.4 (N.D.N.Y. Oct. 25, 2023) (same); *see generally City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

The "fair, reasonable, and adequate" standard effectively requires parties to show that a settlement is both procedurally and substantively fair. *Charron v. Wiener*, 731 F.3d 241, 247 (2d

3

Cir. 2013). In conducting a preliminary approval inquiry, a court considers both the "negotiating process leading up to the settlement, i.e., procedural fairness, as well as the settlement's substantive terms, i.e., substantive fairness." *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617, 2014 U.S. Dist. LEXIS 96457, at *36 (S.D.N.Y. Jul. 15, 2014).

"Preliminary approval requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Monzon v. 103W77 Partners, LLC*, 13-cv-5951-AT, 2014 U.S. Dist. LEXIS 147093 (S.D.N.Y. Oct. 15, 2014) (citations omitted). The Second Circuit has recognized a "'strong judicial policy in favor of settlements, particularly in the class action context.'" *McReynolds v. Richards-Cantave,* 588 F.3d 790, 803 (2d Cir. 2009) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Hadel v. Gaucho LLC*, No. 15-cv-3706-RLE, 2016 U.S. Dist. LEXIS 33085, at *1 (S.D.N.Y. Mar. 14, 2016) ("Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere."). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.42 (1995)).

## B. The Settlement is Procedurally Fair

Here, the Settlement Agreement warrants preliminary approval because it is procedurally and substantively fair. It is the result of good faith, arm's length negotiations between capable adversaries. The Parties have informally and formally exchanged information during litigation, the settlement conference, and settlement negotiations so they are fully aware of the issues in

contention and risks of trial. Counsel for the Parties have the experience and the skill to both vigorously litigate WARN Act claims and to determine when and to what extent settlement is appropriate.  As detailed in the Roupinian Declaration filed in support of Plaintiff's Motion for Class Certification (ECF 17-2), Class Counsel has litigated over 150 WARN cases, many of which have been in Courts in the Second Circuit, including the following: *Ien v. Transcare Corporation, et al.*, Case No. 16-1033-SMB (Bankr. S.D.N.Y.) (partially settled); *Zaikowski v. Dowling College*, Adv. Proc. No. 8-16-08178-reg (Bank. E.D.N.Y.) (settled); *Schuman v. The Connaught Group. Ltd.,* Case No. 12-10512-SMB (Bankr. S.D.N.Y.) (settled); *Mochnal v. EOS Airlines, Inc*., Case No. 08-08279-ASH (Bankr. S.D.N.Y.) (settled); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581-ASH (Bankr. S.D.N.Y.) (settled); *Curry v. Caritas Health Care Inc*., Case No. 09-40901-CEC (Bankr. E.D.N.Y.) (settled); *Thielmann, et al., v. MF Global Holdings Ltd., et al.,* Case No. 11-02880-MG (Bankr. S.D.N.Y.) (settled); *Conn et al. v. Dewey & LeBoeuf LLP,* Case No. 12-01672-MG (Bankr. S.D.N.Y.) (settled); *Matzen v. Corwood Laboratories, Inc.,* Case No. 10-08003-AST (Bankr. E.D.N.Y.) (settled); and *Decker v. Data Listing Services, LLC,* Case No. 11-06373-MAT (W.D.N.Y.) (settled).  (ECF 17-2, ¶ 22).

 Considering the foregoing, the Parties respectfully submit that the Court should preliminarily approve the Consent Judgment.

To demonstrate a settlement's procedural fairness, a party must show "that the settlement resulted from 'arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests.'" *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citation omitted); *Hall v. ProSource Techs., LLC*, 2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. Apr. 11, 2016). Here, the negotiations were conducted at arm's length over a period of several months, including a

5

settlement conference with Hon. Magistrate Judge Moses. The settlement discussions were undertaken by counsel who are well versed in this litigation, and only after the exchange of written discovery in this Action. The Plaintiff and her Counsel thoroughly evaluated the merits of the claims and defenses and the likelihood of success at trial and upon appeal. For the foregoing reasons, the Parties believe the Consent Judgment is procedurally fair.

### C. The Settlement is Substantively Fair Under the *Grinnell* Factors

To demonstrate the substantive fairness of a settlement agreement, generally for final approval purposes, a party must satisfy the factors the Second Circuit set forth in *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). *See In re Platinum & Palladium Commodities Litig.*, 2014 U.S. Dist. LEXIS 96457, at *36 ("Courts in this circuit typically consider the nine *Grinnell* factors at the final approval stage"), *citing Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

The *Grinnell* factors are: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability, damages, and maintaining the class action through the trial; (e) the ability of the defendants to withstand a greater judgment; (f) the range of reasonableness of the settlement fund in light of the best possible recovery and all attendant risks of the litigation. *In re Sinus Buster Prods. Consumer Litig.*, No. 12-CV-2429 (ADS)(AKT), 2014 U.S. Dist. LEXIS 158415, at *18 (E.D.N.Y. Nov. 10, 2014).

The factors are met here.

#### 1. The complexity, expense, and likely duration of litigation

"The greater the 'complexity, expense and likely duration of the litigation,' the stronger the basis for approving a settlement." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 663

6

(S.D.N.Y. 2015) (citations omitted).  Should the Court decline to approve the Settlement Agreement, re-starting litigation would be costly, complex, and time-consuming.  The Defendant contests class certification and may seek reconsideration or appeal of that Court's granting of certification, which would be time-consuming and costly for both Parties.  As outlined in Defendant's opposition to class certification, Defendant also contests WARN coverage at its sites in Washington, D.C., and Florida.  (ECF 25 at 4-5).  The "single site" analysis for a remote workforce can be complex and fact intensive.  Defendant further contests that it ever violated WARN.  Defendant argues that it received a letter from the New York State Department of Labor concluding that Defendant was a "faltering business" within the meaning of WARN.

Continued litigation of this matter through trial would be costly and long.  "The settlement eliminates [the] costs and risks" associated with further litigation. *Meredith Corp.,* 87 F. Supp. 3d at 663.  For these reasons, this factor weighs strongly in favor of preliminary approval.

### 2. The reaction of the class to the settlement

This *Grinnell* factor cannot be shown at the preliminary approval stage. *See Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,* 237 F.R.D. 26, 34 (E.D.N.Y. 2006) ("Clearly, some of these [*Grinnell*] factors, particularly the reaction of the class to the settlement, are impossible to weigh prior to notice and a hearing.").  Nonetheless, Plaintiff approves of the proposed Settlement Agreement and believes that few, if any, settlement class members will object to its terms.

### 3. The stage of the proceedings and the amount of discovery completed

The "stage of the proceedings" factor is concerned with "whether Class Plaintiffs had sufficient information on the merits of the case to enter into a Consent Judgment . . . and whether the Court has sufficient information to evaluate such a settlement." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013)

7

(citations omitted). To meet this requirement, "formal discovery need not have necessarily been undertaken yet by the parties." *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 190 (S.D.N.Y. 2012). Here, the Parties requested and produced responsive documents and exchanged information regarding the alleged damages of the class. Plaintiff and Class Counsel's knowledge of the strengths and potential weaknesses of the claims are adequate to support the settlement.

### 4. The risks of establishing liability and damages and maintaining class action status through trial

In assessing this factor, "the Court should balance the benefits afforded the Class, including the immediacy and certainty of a recovery, against the continuing risks of litigation." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F.Supp.3d 290, 303 (E.D.N.Y 2015); *Willix v. Healthfirst, Inc.,* No. 07 Civ. 1143(ENV)(RER), 2011 U.S. Dist. LEXIS 21102, at *11 (E.D.N.Y. Feb. 18, 2011) ("Litigation inherently involves risks.") (citation omitted). Plaintiff recognizes that, as with any litigation, uncertainties exist. Defendant denies all liability, and should this matter proceed, will vigorously defend itself on the merits, at each stage of litigation and likely on appeal. The risks of establishing liability and damages strongly support preliminary approval.

The proposed Settlement Agreement eliminates the unavoidable risk to Plaintiff that the Court's granting of class certification can be reviewed and modified at any time. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). Given the risks, this factor weighs in favor of preliminary approval.

### 5. The ability of Defendant to withstand greater judgment

Courts generally give less weight to this factor when it would cut against an otherwise fair settlement. *See In re Sinus Buster Prods. Consumer Litig.*, No. 12–CV–2429 (ADS)(AKT), 2014 U.S. Dist. LEXIS 158415, at *26 (E.D.N.Y. Nov. 10, 2014) ("Courts have recognized that a

8

[defendant's] ability to pay is much less important than the other Grinnell factors, especially where the other factors weigh in favor of approving the settlement.") (citations omitted); *citing In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 339 (E.D.N.Y. 2010).

Here, Defendant's ability to withstand a judgment is largely academic: Defendant has ceased business operations and has assigned its assets to the Trustee in the ABC Proceeding. The ABC Proceeding severely limits the collectability of any judgment by limiting the assets' value and time-frame of availability. The Settlement enables the Class to lodge a liquidated claim in the ABC Proceeding representing approximately 66% of their maximum potential damages. This factor weighs heavily in favor of approval of the Settlement Agreement.

6. **The range of reasonableness of the Settlement Agreement in light of the best possible recovery and attendant risks of litigation**

The range-of-reasonableness factor weighs the relief provided in the settlement against the strength of the plaintiff's case, including the likelihood of recovery at trial. This factor "recognizes the uncertainties of law and fact in a particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion[.]" *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). In applying this factor, "the settlement must be judged 'not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case.'" *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-8331-MHD, 2014 U.S. Dist. LEXIS 37872, at *40 (S.D.N.Y. Mar. 24, 2014). Indeed, as recognized by the Second Circuit, because of the riskiness of litigation, "[i]n fact there is no reason . . . why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Grinnell*, 495 F.2d at 455 n.2. "In other words, the question for the Court is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable

9

one in light of the many uncertainties the class faces[.]" *Bodon v. Domino's Pizza, LLC*, 2015 U.S. Dist. LEXIS 17358, at *18 (E.D.N.Y. Jan. 16, 2015) (citation omitted).

Here, the Consent Judgment provided by the Settlement is well within the range of reasonableness. It represents approximately 66% of potential damages, without protracted litigation (during which Defendant's assets could be liquidated in the ABC Proceeding). The Settlement Agreement fairly offers the best possible recovery in light of all the attendant risks.

### D. The Court Should Approve the Proposed Form and Manner of Notice

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.312 (2004).

The Parties propose mailing notice in the same manner as the earlier class notice: first class mail, postage prepaid at the Class Members' last known address.

The proposed Class Notice (Exhibit 3) includes each of the facts required by Federal Rule 23(c)(2)(B). Specifically, it contains the following information:

> (i) The Settlement Agreement and Consent Judgment shall become effective only after finally approved and entered by the Court.
>
> (ii) If so entered, the Consent Judgment shall be effective as to all Class Members;
>
> (iii) Any Class Member has the right to object[2] to the Settlement Agreement and Consent Judgment either in person or through counsel and be heard at the Fairness Hearing; and
>
> (iv) All Released Claims of a Class Member (other than the ability to recover on the Consent Judgment in the ABC Proceeding) shall be waived.

---

[2] For previously-certified classes, a second opt-out period is not required. *See* Fed. R. Civ. P. 23(e)(4).

10

The Class Notice also outlines the terms of the Consent Judgment and describes how each Class Member may obtain a copy of the pleadings in the WARN Action and a copy of the Consent Judgment. The proposed Class Notice also states the date, time, location, and purpose of the Fairness Hearing, informs Class Members of their right to appear at the Fairness Hearing, and describes the procedure for objecting to the Consent Judgment. Accordingly, the proposed form, and manner of distribution, of the Class Notice is sufficient and should be approved.

### E. The Court Should Set a Fairness Hearing and Finally Approve the Settlement at the Fairness Hearing

"[A]fter a hearing[,]" the Court may approve the Settlement if it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). The Parties ask that the Court schedule a Fairness Hearing to be held after notice is sent to the Class Members and the objection period has closed.

The above discussion outlines why the Settlement Agreement and Consent Judgment are fair, reasonable, and adequate. Plaintiff is confident that the feedback from Class Members will be similar. After the Fairness Hearing, the Parties request final approval of the Settlement Agreement by entry of their proposed Final Approval Order (Exhibit 4) and entry of the proposed Consent Judgment (Exhibit 5).

### F. Proposed Notice Schedule

The Parties propose the following schedule for notice and the Fairness Hearing:

  a. Deadline for Class Notice to be mailed to Class Members: within twenty (20) days following entry of the Preliminary Approval Order;

  b. Deadline to object to the Consent Judgment: thirty-five (35) days from the mailing of the Class Notice; and

  c. Fairness Hearing: at least sixty-five (65) days from entry of the Preliminary Approval Order.

## **CONCLUSION**

For the foregoing reason, the Parties respectfully request that the Court (1) enter the preliminary approval order (Exhibit 2), approve of the form and manner of notice (Exhibit 3), and schedule a fairness hearing to be held at the close of the objection period; and, after the fairness hearing, (2) enter the final approval order (Exhibit 4) and Consent Judgment (Exhibit 5), and (3) order any further relief that may be just and proper.

Dated: April 25, 2025

Respectfully submitted,

| | |
|---|---|
| By: */s/ Jack A. Raisner* | By: */s/ Louis Pechman* |
| René S. Roupinian | Louis Pechman |
| Jack A. Raisner | Gianfranco J. Cuadra |
| **RAISNER ROUPINIAN LLP** | **PECHMAN LAW GROUP PLLC** |
| 270 Madison Avenue, Suite 1801 | 488 Madison Avenue, 17th Floor |
| New York, New York 10016 | New York, New York 10022 |
| Tel.: (212) 221-1747 | Tel.: (212) 583-9500 |
| Email: rsr@raisnerroupinian.com | Email: pechman@pechmanlaw.com |
| Email: jar@raisnerroupinian.com | Email: cuadra@pechmanlaw.com |
| | |
| *Attorneys for the Plaintiff and the certified class* | *Attorneys for Defendant JAF Communications Inc. d/b/a The Messenger* |