# EXHIBIT 1

***to Brief in Support of***
***Joint Motion to Approve Settlement***

## <u>Settlement Agreement</u>

# SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of April 15, 2025 (the "Settlement Agreement" or "Settlement" or "Agreement"), is entered into by and among Defendant JAF Communications Inc., d/b/a The Messenger ("JAF" or "Defendant") and Plaintiff Pilar Belendez-Desha ("Plaintiff"), on behalf of herself and the members of the Certified Class, as defined below (collectively with Plaintiff, the "Class Members").  Defendant and the Class Members are collectively called the "Parties," or, as to each, a "Party."

# RECITALS

WHEREAS, Defendant terminated the employment of certain employees in January 2024;

WHEREAS, on February 1, 2024, Plaintiff filed a class action complaint against Defendant in the United States District Court for the Southern District of New York, styled *Belendez-Desha v. JAF Communications Inc. d/b/a The Messenger,* No. 1:24-cv-00741-MMG, alleging violations of the federal and New York Worker Adjustment and Retraining Notification Acts (together, "WARN") in connection with these terminations (the "District Court Action");

WHEREAS, on December 18, 2024, the court in the District Court Action (the "Court") certified a class under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") comprising "Plaintiff and other similarly situated former employees of Defendant: (i) who worked at, received assignments from, or reported to any of its sites, (ii) who were terminated within 30 days of January 31, 2024, and (iii) who have not filed a timely request to opt out of the class[.]" (the "Certified Class");

WHEREAS, notice of class certification was mailed to 280 individuals, of whom five (5) opted-out of the class, resulting in a class which includes Plaintiff and 274 individuals (collectively, the "Class Members");

WHEREAS, JAF commenced an Assignment for the Benefit of Creditors proceeding titled *In re: JAF Communications, Inc. a Delaware Corporation* pending before the Chancery Court of the State of Delaware, case number 2024-0147-PAF (the "ABC");

WHEREAS, the Parties recognize that JAF denies ever violating WARN or any similar law or rule with respect to Plaintiff, the Class Members, or anyone else, and in fact JAF denies liability or wrongdoing, including as alleged against it in the District Court Action; and

WHEREAS, the Parties desire to resolve the claims asserted in the District Court Action:

# AGREEMENT

In consideration of the mutual promises and agreements herein, the Parties agree, as follows:

1. **Effective Date and Potential Termination**. This Agreement shall become effective upon its final approval by the Court.  The Parties shall jointly petition the Court to grant preliminary and later final approval of the terms of this Agreement under Rule 23 and enter the Consent Judgment (attached as Exhibit A) as described below.  If the Court refuses to approve this Settlement and enter the Consent Judgment, (i) this Agreement shall terminate and become void and without force or effect, and neither this Agreement, nor the statements herein, shall be admissible in any proceeding involving the Parties; (ii) neither the Settlement motions nor any pleading filed in

support of the Settlement Motion shall be admissible in any proceeding involving the Parties; and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

2.    **Filings with the Court**.

a.    <u>Preliminary Approval</u>.  Within ten (10) business days of the complete execution of this Agreement, the Parties shall jointly file a motion seeking preliminary and final approval under Rule 23 of the Parties' Settlement set forth in this Agreement, including approval of the content and dissemination of the Settlement Notice described below (except that in the joint motion for approval, Defendant will not take a position on approval of Class Counsel's fees and expenses or a service payment to Plaintiff) (the "Joint Motion").  In that motion, the Parties shall request that the Court approve and enter the proposed Preliminary Approval Order attached as Exhibit B (the "Preliminary Approval Order") and, after the Notice Period (as defined below), enter the proposed  Final Approval Order (as defined below).  The Parties agree to include in that Motion  that JAF does not admit liability or wrongdoing to Plaintiff, to any Class Member, or to anyone else, and in fact JAF expressly denies all allegations of wrongdoing.

b.    <u>Dissemination of Settlement Notice; rights of Class Members</u>.  Subject to the approval of the Court, within thirty (30) days of the Court's entry of the Preliminary Approval Order, Plaintiff shall disseminate notice of the proposed Settlement (the "Settlement Notice") to all Class Members by first-class mail to their last known mailing addresses.  Within five (5) days of the Court's entry of the Preliminary Approval Order, Defendant shall provide Class Counsel last known mailing addresses for all Class Members based on Defendant's records.  The Parties agree to the Settlement Notice attached as Exhibit C and acknowledge that the Court has final approval authority over the contents of the notice to be disseminated.  The Settlement Notice shall inform all Class Members of the primary terms of this Settlement and their rights with respect to that Settlement, including their right to do nothing and remain in the Certified Class to partake in the Settlement and their right to object the Settlement.  The Settlement Notice shall also state the date and location of the Court's hearing, if the Court holds one (the "Fairness Hearing"), to determine whether to grant final approval of the proposed Settlement.  Class Members shall have thirty-five (35) days from the date of mailing of the Settlement Notice to respond to it (the "Notice Period").

i.    <u>Rights of Objectors</u>.  Subject to the approval of the Court, each Class Member will have thirty-five (35) from the date Plaintiff first mails out Settlement Notices to object to any portion of the Settlement.  To be considered, objections must be submitted in writing to Class Counsel, counsel for Defendant, and the Court, via first-class mail or email by no later than the last date in the Notice Period.  For purposes of determining the submission date of an objection, the postmarked date (for first-class mailings) or the "received" date (for electronic submissions) will be used.  Objections must reflect (A) the specific reason that the Class Member objects to the Settlement; and (B) the Class Member's name, address, and telephone number.  Plaintiff shall file with the Court all objections by no later than five (5) business days from the end of the Notice Period.  Class Members who wish to submit objections shall remain members of the Certified Class unless otherwise ordered by the Court.

c.    Final Approval.  The Joint Motion shall also seek final approval of the Settlement under Rule 23 requesting that, after the Notice Period, the Court enter the proposed Final Approval Order attached as Exhibit D (the "Final Approval Order") and the Consent Judgment. As part of the Joint Motion, Plaintiff may request that the Court approve: (1) attorneys' fees for her attorneys ("Class Counsel") in an amount not to exceed one-third, or thirty-three and one-third percent (33 1/3%), of any gross amount recovered by the Class in the ABC (as defined below) net of expenses and a class representative service award (as defined below); (2) Class Counsel's expenses; and (3) a service award to Plaintiff as the representative of the Class, in an amount not to exceed fifteen thousand dollars ($15,000).  The Joint Motion will state that Defendant does not take a position on these fees, costs, and the service award.  The Joint Motion will describe the method by which Class Counsel will make pro rata distributions to the Class Members from any recovery in the ABC (as defined below). The Parties further agree that the award of Class Counsel's attorneys' fees and costs and Plaintiff's service award are not material terms and subject to the discretion of the Court.  The Court's denial or reduction of either Class Counsel's attorneys' fees and costs or the Plaintiff's service award requested does not affect approval of this Settlement.

d.    Appellate Review of Final Approval Order.  If, after a notice of appeal or a petition for writ of certiorari, or any other motion, petition, or application, a reviewing court vacates, reverses, or modifies the Final Approval Order such that there is a material modification to the terms of the Settlement, and that court's decision is not completely reversed and the Final Approval Order is not fully affirmed on review by a higher court, Plaintiff through Class Counsel or Defendant through its counsel of record in the Action will each have the right to declare the Settlement void by giving written notice to the opposing party (or parties) no later than fourteen (14) days after the reviewing court's decision vacating, reversing, or materially modifying the Final Approval Order becomes final and not appealable or otherwise subject to review.

3.    **Consideration and Distribution**. In full settlement of the Action and in exchange for the promises and obligations in this Agreement, Defendant agrees to the entry of a judgment by consent that is, in the form attached as Exhibit A, for the total gross sum of Four Million Five Hundred Thousand Dollars and Zero Cents ($4,500,000.00) in favor of Plaintiff, the Class, and Class Counsel (the "Consent Judgment").  The Parties agree that the Consent Judgment is inclusive of Plaintiff's service award, class administration fees, each Class Member's Settlement Share, Class Counsel's attorneys' fees and costs, and pre- and post-judgment interest alleged or that could be alleged in this Action and in any action to enforce the Consent Judgment.  The Parties recognize that the Consent Judgment, to be enforced only as set forth in this Agreement, is the only monetary consideration that Plaintiff, Class Members and Class Counsel will receive in this Settlement.

4.    **Releases and Waivers**.

a.    Class Members' Release.  In exchange for the promises and obligations in this Agreement, and upon the entry of the Consent Judgment, and except as provided in the "ABC Enforcement" Paragraph below, Plaintiff and each Class Member release JAF Communications, Inc., including its successors, predecessors, and parent and affiliated entities, and including all of their respective present and former directors, managers, officers, members, shareholders, representatives, agents, attorneys, insurers, reinsurers, employees, and assigns, including but not

limited to James Finkelstein, but not including any Trustee-Assignee in his or her capacity as Trustee-Assignee who is assigned the assets of JAF Communications, Inc. for liquidation (together, "Releasees"), from any and all claims, disputes, allegations, or controversies, whether known or unknown and whether asserted or unasserted, arising out of the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, the NY WARN Act, New York Labor Law § 860 *et seq.*, and any other state WARN Act statute, state WARN Act regulation, or state WARN Act ordinance from the beginning of the world through the date that the Court issues final approval of this Agreement. No provision in this Paragraph shall be construed to (a) impair the ability of Plaintiff, the Class, or Class Counsel to enforce the Consent Judgment against the assets of JAF Communications, Inc., as provided in the "ABC enforcement" Paragraph in this Agreement, or (b) impair or affect in any way claims filed by any former employees of Defendant in the ABC (as defined below), to the extent those claims arise from obligations other than the federal WARN Act, the NY State WARN Act, and any other state WARN Act statute, state WARN Act regulation, or state WARN Act ordinance.

   b. <u>Plaintiff's General Release</u>.  In consideration of her eligibility for a service award, to be awarded in the Court's discretion, Plaintiff, as the representative of the Class, on behalf of herself and her heirs, executors, and assigns, hereby releases the Releasees from all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature, and description, whether known or unknown, whether anticipated or unanticipated, whether under federal, state, and/or local law, statute, ordinance, regulation, common law, or other source of law including, without limitation, (1) damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, unpaid wages, liquidated and statutory damages, penalties, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the New York Labor Law, and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, the claims asserted in the Action; (2) under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C §§ 1981 *et seq.* ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981a *et seq.* ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the New York State Human Rights Law, the New York Civil Rights Law, the New York State Insurance Law, the New York Labor Law, the New York City Human Rights Law, any of the statutes or common law causes of action of the State of New York or any other state, the New York Constitution, the United States Constitution and/or any and all other federal, state, or local statutes, laws, rules, and regulations pertaining to employment, as well as any and all claims under state contract or tort law, which were or could have been alleged by the Plaintiff against Releasee, accruing through the date Plaintiff signs this Agreement; and (3) any and all other claims, charges, actions, and causes of action of any kind or nature that Plaintiff once had or now has against any Releasee, whether arising out of her employment with Defendant or otherwise, from the beginning of the world through the date that she signs this Agreement.

   i. <u>Exceptions</u>.  The foregoing release by Plaintiff does not include claims that cannot be released by law, such as those for Workers' Compensation matters, or claims

before governmental agencies or investigations, except that Plaintiff releases the right to obtain monetary relief from Releasees in any governmental agency or investigation.

     ii. <u>Revocation Period</u>.  THIS AGREEMENT SHALL NOT BECOME EFFECTIVE AS TO PLAINTIFF BEFORE THE EIGHTH (8th) DAY AFTER AND INCLUDING THE DATE SHE SIGNS IT, DURING WHICH TIME PLAINTIFF MAY REVOKE THIS AGREEMENT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION NO LATER THAN 6:00 P.M., E.S.T., ON THE SEVENTH (7th) DAY AFTER AND INCLUDING THE DATE SHE SIGNS IT, TO:

> Louis Pechman, Esq.
> Pechman Law Group PLLC
> 488 Madison Avenue, Suite 1704
> New York, New York 10022
> pechman@pechmanlaw.com

Any such revocation shall be delivered by either (A) email or (B) overnight mail return receipt requested and must be postmarked or received electronically within the seven (7) day revocation period.

The period during which Plaintiff may revoke this Agreement shall expire on the eighth (8th) day after she signs it, counting from and including the date she signs it (the "Non-Revocation Date"). If the eighth day falls on a Saturday, Sunday, or legal holiday in the state in which Plaintiff was employed at the time of Plaintiff's last day of employment with JAF, then the revocation period shall not expire until the next day that is not a Saturday, Sunday, or legal holiday.

   5. **Non-admission of Liability**. The Parties recognize that Defendant has entered into this Agreement, including by consenting to the Consent Judgment, simply to avoid litigation expenses.  By entering into this Agreement, Defendant and Releasees do not admit, and in fact expressly deny, liability to any person, committing any wrongdoing, or otherwise violating any law, ordinance, or rule, including but not limited to the allegations in the Complaint arising out of or relating to WARN, NY WARN, or any other similar or related federal, state, or local law.

   6. **ABC Enforcement**. Notwithstanding any provision of this Agreement, the Parties agree that Plaintiff, the Class, and Class Counsel may seek enforcement of the Consent Judgment only against the assets of Defendant JAF Communications Inc., and not against any other Releasee. The Parties further agree that Plaintiff, the Class, and Class Counsel may seek enforcement of the Judgment against the assets of Defendant only in the ABC or any other proceeding by which JAF Communications Inc.'s assets are liquidated, and not in any other forum.

   7. **Breach and Prevailing Party Attorney's Fees**. If any Party recovers damages from the breach of this Settlement Agreement, that Party, upon prevailing, shall be entitled to seek from any breaching Party all costs, expenses, and attorney's fees reasonably incurred by the prevailing Party in enforcing this Settlement Agreement.

8.    **Non-Disparagement**. Neither Plaintiff nor Class Counsel shall make any public statement, whether in writing or orally, that disparages any Releasee.  Neither Defendant nor James Finkelstein shall make any public statement disparaging Plaintiff or Class Counsel.  Class Counsel and Plaintiff shall not make any statement or comment whatsoever about the Action or its Settlement to the press, news outlets, reporters, or on social media.  Notwithstanding, Class Counsel may (a) post the Settlement Notice on its websites (raisnerroupinian.com and warnlawyers.com) for the duration of the Notice Period; (b) advise Defendant's former employees who are, or believe they should be Class Members, to contact Class Counsel with respect to any questions and provide Class Counsel with their current address; and (c) make before the ABC legal and factual arguments it deems necessary to enforce the Consent Judgment.  For purposes of this Section 8, the term "Defendant" means the corporate entity JAF Communications, Inc. alone and does not include any other Releasee.

9.    **Miscellaneous**.

a.    <u>Governing Law/Jurisdiction</u>. This Settlement Agreement shall be governed by the laws of New York without regard to conflict of law principles.  The courts of New York shall have jurisdiction over claims seeking enforcement of the terms of this Settlement. The Consent Judgment may be enforced only as set forth in Section 6 above, titled "ABC Enforcement."

b.    <u>Amendments; Waiver</u>. This Settlement Agreement may not be modified, amended, or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Court.  No provision of this Agreement, including this provision, may be waived by actions or inactions, and the failure to require strict compliance with the terms of this Agreement on a given instance does not constitute waiver of the term on any future instance.

c.    <u>Interpretation</u>.  The Parties agree that they have jointly negotiated and drafted this Agreement through experienced counsel negotiating at arm's length.  This Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Agreement and related documents.  Unless expressly stated otherwise, any reference to "days" in this Agreement refers to calendar days.  If this Agreement requires a Party to undertake an action within a given number of days and the final day is a federal holiday, Saturday, or Sunday, then the deadline by which the Party is to undertake the action will be the next day that is not a federal holiday, Saturday, or Sunday.

d.    <u>Captions</u>.  Section titles, headings, or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.

e.    <u>Integration</u>. This Settlement Agreement contains the entire agreement among the Parties regarding the matters covered by this Settlement Agreement, and no promise or understanding or representation made by any Party, or any respective agent, director, officer, employee or attorney not expressly in this Settlement Agreement shall be binding or valid.

f.    <u>Signatures</u>. Facsimile or other electronic copies of signatures on this Settlement Agreement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement Agreement shall be deemed to be an original.

g.  Counterparts. This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

h.  Cooperation. The Parties agree to cooperate with one another to effectuate this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

On behalf of JAF Communications Inc., d/b/a The Messenger,

By: _____

Title: _____

Date: _____

RAISNER ROUPINIAN LLP,

on behalf of the Class Members

By: _Isaac Raisner_____

Title: _Associate_____

Date: _4/15/2025_____

PILAR BELENDEZ-DESHA, on behalf of herself and the Class Members as Class Representative

_Pilar Belendez-DeSha_____

Date: _4/15/2025_____

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PILAR BELENDEZ-DESHA, on behalf of herself
and all others similarly situated,

                        Plaintiff,

            v.

JAF COMMUNICATIONS INC. d/b/a THE
MESSENGER,

                        Defendant.

24-CV-00741 (MMG) (BCM)

**CONSENT JUDGMENT
AND ORDER**

MARGARET M. GARNETT, United States District Judge:

        Plaintiff, on behalf of herself and the certified class, on the one hand, and Defendant JAF
Communications Inc. d/b/a The Messenger, on the other hand, have stipulated to judgment against
Defendant in accordance with a settlement agreement between the Parties (ECF No. [INSERT])
(the "Agreement").  They moved for approval of the settlement agreement under Fed. R. Civ. P.
23(e), and the Court granted final approval of the agreement.

        Upon review of the Parties' submissions, and for good cause shown, judgment in favor of
Plaintiff and the certified class, and against Defendant JAF Communications Inc. d/b/a The
Messenger, is ENTERED in the gross amount of Four Million Five Hundred Thousand Dollars
and Zero Cents ($4,500,000.00), subject to and in accordance with the terms of the Agreement,
whose terms are incorporated into this judgment in full by reference.

Dated: _____
        New York, New York

                                SO ORDERED.

                                _____
                                **MARGARET M. GARNETT**
                                United States District Judge

Docusign Envelope ID: 8DD223C4-0F43-418A-9AB8-DAEFEE4DA53E

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PILAR BELENDEZ-DESHA, on behalf of herself
and all others similarly situated,

                       Plaintiff,

     v.

JAF COMMUNICATIONS INC. d/b/a THE
MESSENGER,

                   Defendant.

---

24-CV-00741 (MMG) (BCM)

**PROPOSED PRELIMINARY
SETTLEMENT APPROVAL ORDER**

---

      Upon the Joint Motion by Plaintiff Pilar Belendez-Desha ("Plaintiff"), on behalf of herself

and certified class, and Defendant JAF Communications, Inc. d/b/a The Messenger ("Defendant"

and together with Plaintiff and the class members, the "Parties") in the above-captioned matter

seeking preliminary approval of a settlement agreement and other related relief (the "Motion");

and the Court having considered the Motion and attached exhibits, the Settlement Agreement

("Settlement Agreement") and the proposed Notice of Proposed Class Action Settlement

("Settlement Notice");

      IT IS HEREBY ORDERED THAT:

      1.     The settlement, as set forth in the Settlement Agreement, is preliminarily approved,

subject to final approval at the fairness hearing;

      2.     The Court approves the proposed Settlement Notice.

      3.     Notice of the settlement to Class Members by first class mail, postage prepaid, at

their last known address is reasonable and the best notice practicable under the circumstances and

constitutes due and sufficient notice to all Class Members in full compliance with the notice

requirements of Civil Rule 23 and such mailing shall be made by Class Counsel within twenty (20) days of entry of this Order.

4. Within five (5) days after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Class Notice.

5. Each Class Member will have thirty-five (35) days from the date on which the Settlement Notices are mailed (the "Notice Period") to object to the Settlement.

6. Class Members must file with the Court any objection to the proposed settlement and mail the objection to Class Counsel and counsel to the Defendant at the addresses listed in the Class Notice, to be received by the Court and counsel (or, in the case of mailing, post-marked) no later than the end of the Notice Period.

7. No later than five days before Fairness Hearing, Class Counsel shall serve and file a sworn statement identifying any Class Member who timely objected to the proposed settlement.

8. The Court will conduct a **Final Approval Hearing on** _____, **2025, at ____ a.m./p.m.** [at least 65 days from the date of this Order] to determine the overall fairness of the settlement, attorneys' fees and costs to Class Counsel, and a service award to the Class Representative.  The Final Approval Hearing may be continued without further notice to Class Members.

**SO ORDERED.**

Dated: New York, New York

_____, 2025


_____
**HON. MARGARET M. GARNETT**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,<br><br>       Defendant. | 24-CV-00741 (MMG) (BCM) |

## NOTICE OF CLASS ACTION SETTLEMENT

***You are not being sued. Please Read this Notice carefully as it may affect your rights.***

- A class action lawsuit was brought by Plaintiff Pilar Belendez-Desha ("Plaintiff" or "Class Representative") on behalf of former employees of JAF Communications Inc. ("JAF" or "Defendant"), alleging that Defendant failed to pay its employees salaries and benefits under the federal and state Worker Adjustment and Retraining Acts ("WARN") following shutdown of its operations on January 31, 2024. You are a class member in this class action.

- JAF has denied it violated any WARN Act, law, or regulation, and in fact it claims that it acted in full compliance with their requirements and does not owe any employee salaries or benefits.

- The parties have agreed to settle the lawsuit through a consent judgment for a total of $4,500,000.00.

- This settlement will <u>not</u> result in immediate payment to the class members, because Defendant's assets are being liquidated in a separate proceeding in Delaware state court. Class Counsel intends to recover any available proceeds (up to $4.5 million) from the liquidation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Be Eligible to Receive Payment** | Release your rights under federal and state WARN laws, rules, and regulations and, in exchange, be eligible to receive a payment as is explained below. |
| **Object** | Inform the Court about what you oppose in the settlement. |

| Go to a Hearing | If you object, you also have the right to ask to speak in Court about the fairness of the settlement. |
|---|---|

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case has granted preliminary approval of the settlement, but has not yet granted final approval of the settlement.

## 1. Why did I get this Notice Package?

The above-referenced lawsuit, *Belendez-Desha v. JAF Communications Inc.*, 24 Civ. 0741 (MMG)(BCM) (the "Action"), is pending in the United States District Court for the Southern District of New York (the "Court"). You are receiving this notice because you are a class member in this class action. In December 2024, the Court certified the case as a class action and notice was mailed to the potential class members. The class members are individuals who: Plaintiff and other similarly situated former employees of Defendant: (i) who worked at, received assignments from, or reported to its sites, (ii) who were terminated within 30 days of January 31, 2024 (and (iii) who have not filed a timely request to opt-out of the class).

You were identified as meeting this definition, and notice of the class action was mailed to your last known address. Those who did not opt-out of the class action became class members. You did not opt-out of the class action and are therefore a class member.

The Court has preliminarily approved a settlement ("Settlement") of the Action. Under the Settlement, JAF has agreed to a judgment to be entered against it for the sum of Four Million Five Hundred Thousand Dollars and Zero Cents ($4,500,000.00), which Plaintiff and her counsel can seek to enforce before an ongoing Assignment for the Benefit of Creditors proceeding titled *In re: JAF Communications, Inc. a Delaware Corporation* pending before the Chancery Court of the State of Delaware, case number 2024-0147-PAF (the "ABC"), as is explained below. The Court will conduct a hearing (the "Fairness Hearing") to determine if the Settlement should be approved.

This notice describes the Settlement and how you can be eligible to obtain money from it. This notice also describes how you can object to the Settlement.

## 2. What is this Action about and why did it settle?

Plaintiff Pilar Belendez-Desha is the person who started the Lawsuit. She claims that JAF violated the state and federal WARN Acts when it shut down its operations on January 31, 2024, without giving required notices of the shutdown. According to Plaintiff, JAF should have issued written notices of the upcoming shutdown to its employees (a) sixty (60) days before the shutdown to its non-New York employees and (b) ninety (90) days before the shutdown to its New York-based employees. According to Plaintiff, by failing to issue these notices, JAF owes the employees either 60 or 90 days of their wages plus several types of benefits known as "ERISA benefits."

JAF strongly denies that it violated any law, including the WARN Acts. JAF argues that one of the exceptions to the WARN Act allowed it to give notice later, as soon as it was reasonably practicable to do so, instead of 60 or 90 days before the closure. JAF claims that it received a letter from the New York State Department of Labor finding that it fell within the exception, and so JAF claims it owes no employee wages or ERISA benefits. Although JAF does not admit ever violating

the WARN Acts, and in fact JAF expressly denies ever doing so, JAF has agreed to enter this Settlement simply to avoid litigation expenses in the Action.

Plaintiff's attorneys, referred to as "Class Counsel," believe the Settlement provides a significant benefit to the Class Members and enables them to avoid the risk that JAF could win the Action, in which case Class Members would recover nothing. The Settlement also enables Class Members to attempt to recover money in the ABC without the delay of protracted litigation in this Action.

The Settlement is the result of good-faith, arm's-length negotiations between the Class Representative and JAF, through counsel experienced in these types of cases, and a settlement conference presided over by a neutral Magistrate Judge. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. The Class Representative and Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

The federal Judge overseeing the Action has "preliminarily approved" the Settlement and will make a final decision regarding its fairness at the final approval hearing described in Section 8 below.

## 3. What does the Settlement provide, and how much will I be paid?

The settlement **does not** guarantee that you will be paid.

Under the Settlement, JAF will consent to entry of a judgment against it for $4,500,000.00, which the Class Representative's attorneys (known as Class Counsel) can attempt to enforce, and thereby recover money on, in the ABC proceeding.

The ABC proceeding is similar to a bankruptcy proceeding in Delaware State court, where JAF's assets are being liquidated. The consent judgment here allows Class Counsel, the Class, and Plaintiff to go to the ABC proceeding to enforce the consent judgment of $4,500,000.00 against the assets of JAF being liquidated in the ABC proceedings.

The amount that you may ultimately receive as part of this Settlement is called a "Settlement Share." If any money is recovered in the ABC proceeding, it will be distributed as follows: Class Counsel's expenses will be reimbursed and a service payment up to $15,000 will be paid to the Class Representative; Class Counsel's fees of one-third (33 1/3%) of the net amount will be paid to Class Counsel; then, the Settlement Shares will be distributed on a pro-rata basis to the Class Members, based on each Class Members' (a) average monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date, and termination date.

## 4. How can I be eligible to receive a payment?

**TO BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT, DO NOTHING.**

To remain in this Settlement, simply do nothing. You are already a class member who will participate in the Settlement (a "Rule 23 Class Member"). You will be eligible to receive a

Settlement Share from any recovery in the ABC proceeding. Class Counsel will contact you after the ABC proceeding ends to tell you what your Settlement Share is.

| **5. What am I giving up as a Rule 23 Class Member?** |
|---|

If the Court grants final approval of the Settlement, the Action will be dismissed with prejudice, and you, as a Rule 23 Class Member, will release (i.e., give up) your WARN claims, except for Class Counsel's efforts to recover on this judgment in the ABC proceeding. Outside of those efforts, you will release JAF Communications, Inc., including its successors, predecessors, and parent and affiliated entities, and including all of their respective directors, managers, officers, members, shareholders, representatives, agents, attorneys, insurers, reinsurers, and assigns, including but not limited to James Finkelstein, but not including any Trustee-Assignee in his or her capacity as Trustee-Assignee who is assigned the assets of JAF Communications, Inc. for liquidation (together, "Releasees"), from any and all claims, disputes, allegations, or controversies, whether known or unknown and whether asserted or unasserted, arising out of the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, the NY WARN Act, New York Labor Law § 860 *et seq.*, and any other state WARN Act statute, state WARN Act regulation, or state WARN Act ordinance from the beginning of the world through the date that the Court issues final approval of this Settlement.

This release does not include any other claims you may have before the ABC that are unrelated to the WARN Acts.

| **6. Final Approval of Settlement at Fairness Hearing** |
|---|

The federal Judge presiding over this Action will conduct a final approval hearing, or "Fairness Hearing," at [INSERT] on [INSERT], at the Court, located at 40 Foley Square, Courtroom 906, New York, New York 10007. At the Final Approval Hearing, the Judge will decide whether the Settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so that the Court can be notified to ensure that there is enough space and time allotted for you.

| **7. How do I object to the Settlement?** |
|---|

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement and have the Court consider your objection. You may object either personally or through an attorney at your own expense, by emailing or mailing by first-class mail your written objection to Class Counsel, counsel for Defendant, and the Court. Contact information for Class Counsel is listed in Section 11 below.

Contact information for Defendant's counsel is as follows:

Pechman Law Group PLLC
Attn: Louis Pechman, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022

Mail to the Court may be sent to the following address and should include the case number for this case (Case No. 24-CV-00741-MMG-BCM): Clerk of Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Email to the Court may be sent to the following email address and should include the case number for this case (Case No. 24-CV-00741-MMG-BCM): ProSe@nysd.uscourts.gov.

All objection(s) to any part of the Settlement must set forth your full name, address, and telephone number. **All objections must be postmarked (if by mail) or received (if by email) no later than [DEADLINE 35 days after mailing]**. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Fairness Hearing discussed above. Your objection must clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Fairness Hearing. Any reasons for objections not included in the written objection will not be considered by the Court. If you object to the Settlement, Class Counsel will not represent you in your objection.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service award, the Settlement process(es), and all other aspects of the Settlement.

## 8. Are there more details about the Settlement? Questions?

Yes. This notice summarizes the most important aspects of the Settlement. You can get a copy of the Settlement Agreement and obtain further information regarding the Action and the Settlement by calling Class Counsel. Their contact information is listed below. You will not be charged any money for communicating with Class Counsel. You may also review the Court's files, including the Settlement Agreement, which will be on file with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, or online through the Public Access to Court Electronic Resources System, known as "PACER," at https://ecf.nysd.uscourts.gov/cgi-bin/ShowIndex.pl.

**Do not telephone the Court for information regarding this Settlement**.

## 9. Do I have an attorney in this case?

The Court has appointed Raisner Roupinian LLP as "Class Counsel" to represent the interests of Class Members in the Action. Class Counsel will represent you in the Action and can answer questions for you regarding the Action and the Settlement. Class Counsel's contact information is below. You will not be charged any money for Class Counsel's representation of you; rather, Class Counsel will be paid approved attorneys' fees and costs out of any amount recovered in the ABC proceeding, as is explained in Section 3 above. You also have the right to get your own attorney at your own expense, in which case Class Counsel will not represent you in the Action or Settlement. If you object to the Settlement, Class Counsel will not represent you in your objections. Class Counsel's contact information is as follows:

René S. Roupinian, Esq.
Raisner Roupinian LLP

270 Madison Avenue, Suite 1801
New York, New York 10016
Tel.: (212) 221–1747
Email: rsr@raisnerroupinian.com

**ALTHOUGH THE COURT HAS AUTHORIZED ISSUANCE OF THIS NOTICE, PLEASE DO NOT CALL THE COURT ABOUT THIS NOTICE, AND ONLY WRITE THE COURT ABOUT THIS NOTICE IF YOU WISH TO OBJECT TO THE PROPOSED SETTLEMENT.**

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PILAR BELENDEZ-DESHA, on behalf of herself
and all others similarly situated,

                        Plaintiff,

       v.

JAF COMMUNICATIONS INC. d/b/a THE
MESSENGER,

                        Defendant.

---

24-CV-00741 (MMG) (BCM)

**PROPOSED FINAL SETTLEMENT
APPROVAL ORDER**

---

This matter came on for hearing upon the Court's Order of [INSERT] (ECF No. [INSERT]), following the parties' joint motion for final approval of the Settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and any objections to the joint motion having been withdrawn, waived or overruled; and the Court having considered all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and the Court finding that the relief sought in the joint motion is in the best interest of the Class Representative and the Class Members and all other parties in interest, and good cause appearing,

       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.     The joint motion is GRANTED as set forth herein.

2.     All objections to the joint motion or the relief requested in the joint motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3.    The Settlement Agreement filed by the Parties in connection with their joint motion (ECF No. [INSERT]) (the "Settlement Agreement" or "Settlement") is approved on a final basis and in all respects as being fair, reasonable, adequate to the Class Members and other affected employees for the following reasons:

    a.  If the Settlement is not approved, the WARN Action will likely be complicated, protracted and expensive for both parties.

    b.  The Class Representative supports the Settlement, and the terms of the Settlement are favorable to Class Members.

    c.  The Settlement was reached after a thorough investigation and settlement conference presided over by a neutral Magistrate Judge.

    d.  The Settlement is well within the range of reasonableness given the uncertainty of Plaintiffs' ability to establish liability and to recover against the Defendant.

    e.  The Settlement Agreement was negotiated at arms' length by experienced counsel and in good faith, is fair, equitable and in the best interest of the parties.

4.    Capitalized terms used herein, and not otherwise defined, shall have the same meaning attributed to them in the Settlement Agreement.

5.    On the Effective Date, the terms of the Settlement Agreement shall become binding upon the parties.

6.    On the Effective Date, subject to and consistent with the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement shall become effective.

7.    The Court will enter the Consent Judgment separately from this Order.

8.      Per the Parties' Agreement, Plaintiff, the Class, and Class Counsel may seek enforcement of the Consent Judgment only against the assets of Defendant JAF Communications Inc., and not against any other Releasee, and only in the ABC or any other proceeding by which JAF Communications Inc.'s assets are liquidated, and not in any other forum.

9.      Should Plaintiffs obtain a recovery in the ABC proceeding, Plaintiff Pilar Belendez-Desha is awarded a service payment from that recovery up to $15,000 in accordance with the terms of the Settlement Agreement.

10.     Should Plaintiffs obtain a recovery in the ABC proceeding, Class Counsel is awarded its expenses, including the cost of the settlement administrator, which shall be paid from the recovery amount in accordance with the terms of the Settlement Agreement.

11.     Should Plaintiffs obtain a recovery in the ABC proceeding, Class Counsel is awarded its fees of one-third of the recovery amount (net of Class Counsel's expenses and the Class Representative Service Payments) which shall be paid from the recovery amount in accordance with the terms of the Settlement Agreement.

12.     The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

*Intentionally blank, continued on next page*

14.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement and this Order.

**SO ORDERED.**

Dated:    New York, New York

_____, 2025

_____

**HON. MARGARET M. GARNETT**
**UNITED STATES DISTRICT JUDGE**