# EXHIBIT 3

*to Brief in Support of*
*Joint Motion to Approve Settlement*

# Proposed Class Notice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,<br><br>Defendant. | 24-CV-00741 (MMG) (BCM) |

**NOTICE OF CLASS ACTION SETTLEMENT**

*You are not being sued.  Please Read this Notice carefully as it may affect your rights.*

- A class action lawsuit was brought by Plaintiff Pilar Belendez-Desha ("Plaintiff" or "Class Representative") on behalf of former employees of JAF Communications Inc. ("JAF" or "Defendant"), alleging that Defendant failed to pay its employees salaries and benefits under the federal and state Worker Adjustment and Retraining Acts ("WARN") following shutdown of its operations on January 31, 2024.  You are a class member in this class action.

- JAF has denied it violated any WARN Act, law, or regulation, and in fact it claims that it acted in full compliance with their requirements and does not owe any employee salaries or benefits.

- The parties have agreed to settle the lawsuit through a consent judgment for a total of $4,500,000.00.

- This settlement will <u>not</u> result in immediate payment to the class members, because Defendant's assets are being liquidated in a separate proceeding in Delaware state court.  Class Counsel intends to recover any available proceeds (up to $4.5 million) from the liquidation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Be Eligible to Receive Payment** | Release your rights under federal and state WARN laws, rules, and regulations and, in exchange, be eligible to receive a payment as is explained below. |
| **Object** | Inform the Court about what you oppose in the settlement. |

1

| | |
|---|---|
| **Go to a Hearing** | If you object, you also have the right to ask to speak in Court about the fairness of the settlement. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case has granted preliminary approval of the settlement, but has not yet granted final approval of the settlement.

### 1. Why did I get this Notice Package?

The above-referenced lawsuit, *Belendez-Desha v. JAF Communications Inc.*, 24 Civ. 0741 (MMG)(BCM) (the "Action"), is pending in the United States District Court for the Southern District of New York (the "Court"). You are receiving this notice because you are a class member in this class action. In December 2024, the Court certified the case as a class action and notice was mailed to the potential class members. The class members are individuals who: Plaintiff and other similarly situated former employees of Defendant: (i) who worked at, received assignments from, or reported to its sites, (ii) who were terminated within 30 days of January 31, 2024 (and (iii) who have not filed a timely request to opt-out of the class).

You were identified as meeting this definition, and notice of the class action was mailed to your last known address. Those who did not opt-out of the class action became class members. You did not opt-out of the class action and are therefore a class member.

The Court has preliminarily approved a settlement ("Settlement") of the Action. Under the Settlement, JAF has agreed to a judgment to be entered against it for the sum of Four Million Five Hundred Thousand Dollars and Zero Cents ($4,500,000.00), which Plaintiff and her counsel can seek to enforce before an ongoing Assignment for the Benefit of Creditors proceeding titled *In re: JAF Communications, Inc. a Delaware Corporation* pending before the Chancery Court of the State of Delaware, case number 2024-0147-PAF (the "ABC"), as is explained below. The Court will conduct a hearing (the "Fairness Hearing") to determine if the Settlement should be approved.

This notice describes the Settlement and how you can be eligible to obtain money from it. This notice also describes how you can object to the Settlement.

### 2. What is this Action about and why did it settle?

Plaintiff Pilar Belendez-Desha is the person who started the Lawsuit. She claims that JAF violated the state and federal WARN Acts when it shut down its operations on January 31, 2024, without giving required notices of the shutdown. According to Plaintiff, JAF should have issued written notices of the upcoming shutdown to its employees (a) sixty (60) days before the shutdown to its non-New York employees and (b) ninety (90) days before the shutdown to its New York-based employees. According to Plaintiff, by failing to issue these notices, JAF owes the employees either 60 or 90 days of their wages plus several types of benefits known as "ERISA benefits."

JAF strongly denies that it violated any law, including the WARN Acts. JAF argues that one of the exceptions to the WARN Act allowed it to give notice later, as soon as it was reasonably practicable to do so, instead of 60 or 90 days before the closure. JAF claims that it received a letter from the New York State Department of Labor finding that it fell within the exception, and so JAF claims it owes no employee wages or ERISA benefits. Although JAF does not admit ever violating

the WARN Acts, and in fact JAF expressly denies ever doing so, JAF has agreed to enter this Settlement simply to avoid litigation expenses in the Action.

Plaintiff's attorneys, referred to as "Class Counsel," believe the Settlement provides a significant benefit to the Class Members and enables them to avoid the risk that JAF could win the Action, in which case Class Members would recover nothing. The Settlement also enables Class Members to attempt to recover money in the ABC without the delay of protracted litigation in this Action.

The Settlement is the result of good-faith, arm's-length negotiations between the Class Representative and JAF, through counsel experienced in these types of cases, and a settlement conference presided over by a neutral Magistrate Judge. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. The Class Representative and Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

The federal Judge overseeing the Action has "preliminarily approved" the Settlement and will make a final decision regarding its fairness at the final approval hearing described in Section 8 below.

### 3. What does the Settlement provide, and how much will I be paid?

The settlement **does not** guarantee that you will be paid.

Under the Settlement, JAF will consent to entry of a judgment against it for $4,500,000.00, which the Class Representative's attorneys (known as Class Counsel) can attempt to enforce, and thereby recover money on, in the ABC proceeding.

The ABC proceeding is similar to a bankruptcy proceeding in Delaware State court, where JAF's assets are being liquidated. The consent judgment here allows Class Counsel, the Class, and Plaintiff to go to the ABC proceeding to enforce the consent judgment of $4,500,000.00 against the assets of JAF being liquidated in the ABC proceedings.

The amount that you may ultimately receive as part of this Settlement is called a "Settlement Share." If any money is recovered in the ABC proceeding, it will be distributed as follows: Class Counsel's expenses will be reimbursed and a service payment up to $15,000 will be paid to the Class Representative; Class Counsel's fees of one-third (33 1/3%) of the net amount will be paid to Class Counsel; then, the Settlement Shares will be distributed on a pro-rata basis to the Class Members, based on each Class Members' (a) average monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date, and termination date.

### 4. How can I be eligible to receive a payment?

**TO BE ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT, DO NOTHING.**

To remain in this Settlement, simply do nothing. You are already a class member who will participate in the Settlement (a "Rule 23 Class Member"). You will be eligible to receive a

Settlement Share from any recovery in the ABC proceeding. Class Counsel will contact you after the ABC proceeding ends to tell you what your Settlement Share is.

### 5. What am I giving up as a Rule 23 Class Member?

If the Court grants final approval of the Settlement, the Action will be dismissed with prejudice, and you, as a Rule 23 Class Member, will release (i.e., give up) your WARN claims, except for Class Counsel's efforts to recover on this judgment in the ABC proceeding. Outside of those efforts, you will release JAF Communications, Inc., including its successors, predecessors, and parent and affiliated entities, and including all of their respective directors, managers, officers, members, shareholders, representatives, agents, attorneys, insurers, reinsurers, and assigns, including but not limited to James Finkelstein, but not including any Trustee-Assignee in his or her capacity as Trustee-Assignee who is assigned the assets of JAF Communications, Inc. for liquidation (together, "Releasees"), from any and all claims, disputes, allegations, or controversies, whether known or unknown and whether asserted or unasserted, arising out of the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, the NY WARN Act, New York Labor Law § 860 *et seq.*, and any other state WARN Act statute, state WARN Act regulation, or state WARN Act ordinance from the beginning of the world through the date that the Court issues final approval of this Settlement.

This release does not include any other claims you may have before the ABC that are unrelated to the WARN Acts.

### 6. Final Approval of Settlement at Fairness Hearing

The federal Judge presiding over this Action will conduct a final approval hearing, or "Fairness Hearing," at [INSERT] on [INSERT], at the Court, located at 40 Foley Square, Courtroom 906, New York, New York 10007. At the Final Approval Hearing, the Judge will decide whether the Settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so that the Court can be notified to ensure that there is enough space and time allotted for you.

### 7. How do I object to the Settlement?

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement and have the Court consider your objection. You may object either personally or through an attorney at your own expense, by emailing or mailing by first-class mail your written objection to Class Counsel, counsel for Defendant, and the Court. Contact information for Class Counsel is listed in Section 11 below.

Contact information for Defendant's counsel is as follows:

Pechman Law Group PLLC
Attn: Louis Pechman, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022

4

Mail to the Court may be sent to the following address and should include the case number for this case (Case No. 24-CV-00741-MMG-BCM): Clerk of Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  Email to the Court may be sent to the following email address and should include the case number for this case (Case No. 24-CV-00741-MMG-BCM): ProSe@nysd.uscourts.gov.

All objection(s) to any part of the Settlement must set forth your full name, address, and telephone number.  **All objections must be postmarked (if by mail) or received (if by email) no later than [DEADLINE 35 days after mailing]**.  If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Fairness Hearing discussed above.  Your objection must clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Fairness Hearing.  Any reasons for objections not included in the written objection will not be considered by the Court.  If you object to the Settlement, Class Counsel will not represent you in your objection.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service award, the Settlement process(es), and all other aspects of the Settlement.

### 8. Are there more details about the Settlement?  Questions?

Yes.  This notice summarizes the most important aspects of the Settlement.  You can get a copy of the Settlement Agreement and obtain further information regarding the Action and the Settlement by calling Class Counsel.  Their contact information is listed below.  You will not be charged any money for communicating with Class Counsel.  You may also review the Court's files, including the Settlement Agreement, which will be on file with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, or online through the Public Access to Court Electronic Resources System, known as "PACER," at https://ecf.nysd.uscourts.gov/cgi-bin/ShowIndex.pl.

**Do not telephone the Court for information regarding this Settlement**.

### 9. Do I have an attorney in this case?

The Court has appointed Raisner Roupinian LLP as "Class Counsel" to represent the interests of Class Members in the Action.  Class Counsel will represent you in the Action and can answer questions for you regarding the Action and the Settlement.  Class Counsel's contact information is below.  You will not be charged any money for Class Counsel's representation of you; rather, Class Counsel will be paid approved attorneys' fees and costs out of any amount recovered in the ABC proceeding, as is explained in Section 3 above.  You also have the right to get your own attorney at your own expense, in which case Class Counsel will not represent you in the Action or Settlement.  If you object to the Settlement, Class Counsel will not represent you in your objections.  Class Counsel's contact information is as follows:

René S. Roupinian, Esq.
Raisner Roupinian LLP

5

270 Madison Avenue, Suite 1801<br>
New York, New York 10016<br>
Tel.: (212) 221–1747<br>
Email: rsr@raisnerroupinian.com

**ALTHOUGH THE COURT HAS AUTHORIZED ISSUANCE OF THIS NOTICE, PLEASE DO NOT CALL THE COURT ABOUT THIS NOTICE, AND ONLY WRITE THE COURT ABOUT THIS NOTICE IF YOU WISH TO OBJECT TO THE PROPOSED SETTLEMENT.**