USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PILAR BELENDEZ-DESHA, on behalf of herself and all others similarly situated,

            Plaintiff,

v.

JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,

            Defendant.

24-CV-00741 (MMG) (BCM)

**<u>FINAL SETTLEMENT APPROVAL ORDER</u>**

---

This matter came on for hearing upon the Court's Order of April 28, 2025 (Dkt. No. 49), following the parties' joint motion for final approval of the Settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and any objections to the joint motion having been withdrawn, waived or overruled; and the Court having considered all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and the Court finding that the relief sought in the joint motion is in the best interest of the Class Representative and the Class Members and all other parties in interest, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

    1.    The joint motion is GRANTED as set forth herein, conditional on the submission of a final accounting of (i) the total recovery from the ABC proceeding, or any other proceeding by which JAF Communications Inc.'s assets are liquidated; (ii) expenses and costs, including administrative expenses; (iii) service award to the Class Representative; and (iv) Class Counsel fees, and the Court's final approval thereof.

2. All objections to the joint motion or the relief requested in the joint motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3. The Settlement Agreement filed by the Parties in connection with their joint motion (Dkt. No. 48-1) (the "Settlement Agreement" or "Settlement") is approved on a final basis and in all respects as being fair, reasonable, adequate to the Class Members and other affected employees for the following reasons:

    a. If the Settlement is not approved, the WARN Action will likely be complicated, protracted and expensive for both parties.

    b. The Class Representative supports the Settlement, and the terms of the Settlement are favorable to Class Members.

    c. The Settlement was reached after a thorough investigation and settlement conference presided over by a neutral Magistrate Judge.

    d. The Settlement is well within the range of reasonableness given the uncertainty of Plaintiffs' ability to establish liability and to recover against the Defendant.

    e. The Settlement Agreement was negotiated at arms' length by experienced counsel and in good faith, is fair, equitable and in the best interest of the parties.

4. Capitalized terms used herein, and not otherwise defined, shall have the same meaning attributed to them in the Settlement Agreement.

5. On the Effective Date, the terms of the Settlement Agreement shall become binding upon the parties.

6. On the Effective Date, subject to and consistent with the terms of the Settlement

3

Agreement, the releases set forth in the Settlement Agreement shall become effective.

7. The Court will enter the Consent Judgment separately from this Order.

8. Per the Parties' Agreement, Plaintiff, the Class, and Class Counsel may seek enforcement of the Consent Judgment only against the assets of Defendant JAF Communications Inc., and not against any other Releasee, and only in the ABC or any other proceeding by which JAF Communications Inc.'s assets are liquidated, and not in any other forum.

9. Should Plaintiffs obtain a recovery in the ABC proceeding, Plaintiff Pilar Belendez-Desha is awarded a service payment from that recovery up to $15,000 in accordance with the terms of the Settlement Agreement.

10. Should Plaintiffs obtain a recovery in the ABC proceeding, Class Counsel is awarded its expenses, including the cost of the settlement administrator, which shall be paid from the recovery amount in accordance with the terms of the Settlement Agreement.

11. Should Plaintiffs obtain a recovery in the ABC proceeding, Class Counsel is awarded its fees of one-third of the recovery amount (net of Class Counsel's expenses and the Class Representative Service Payments) which shall be paid from the recovery amount in accordance with the terms of the Settlement Agreement.

12. The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

14. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement and this Order. This case shall remain open, subject to further Order by the Court.

15. The parties shall submit a status letter 90 days from the date of this Order, and every 90 days thereafter, or upon the close of the ABC proceedings, whichever is sooner. Class Counsel shall submit the final accounting, as described above, no later than 30 days after the Assignee's determination of the total recovery due to the Settlement Class.

**SO ORDERED.**

Dated: New York, New York
July 8, 2025

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE